## FORDYCE *v.* EDWARDS.

### Opinion delivered March 5, 1898.

1. INSTRUCTION—WHEN MISLEADING.—In an action by an engineer to re-recover from the railroad damages caused by a defective engine, an instruction that the plaintiff is not bound to inspect for latent defects is erroneous where the supreme court on a former appeal held the defects complained of to be patent. (Page 101)

2. MASTER AND SERVANT—ASSUMPTION OF RISK.—A locomotive engineer, in starting on a trip, assumes the risk of all existing patent defects in his engine. (Page 101.)

3. WHEN MISLEADING INSTRUCTION NOT CURED.—Instructions correctly defining an engineer's duty to discover patent defects in his engine before starting on a trip will not cure an instruction as to his duty on discovering defects during the trip which left out of consideration the question whether he used due care to discover the defects before starting on the trip. (Page 101.)

4. EVIDENCE—OPINIONS.—Opinions of witnesses as to what a prudent man would have done under the circumstances in which the engineer was placed are inadmissible. (Page 102.)

5. NEGLIGENCE—QUESTION FOR JURY.—Where, at the time a locomotive engineer took charge of an engine to make a trip, the engine was standing upon a depression in the track, it is a question for the jury to determine whether he was guilty of negligence in failing to discover that the pilot of the engine was raised too high. (Page 102.)

Appealed from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*Sam H. West* and *J. M. & J. G. Taylor*, for appellants.

In instructing the jury as to what constitutes contributory negligence, it was the duty of the court to give to the jury the standard of conduct required of plaintiff. Instead of instructing the jury that plaintiff could recover if, while in the discharge of his duties, he was injured without "fault or negligence on his part," the court should have told them that plaintiff was held to the exercise of ordinary care and diligence. 42 S. W. (Ark.) 407; 65 N. W. (Mich.) 550; 60 Ark. 442. The instructions on the point of the degree of care demanded by the character of the defect are abstract, misleading and erroneous. In undertaking the employment, the plaintiff bound himself to take notice of all obvious or patent defects in the machinery furnished him. 22 S. E. 367; 60 Ark. 442; 24 Atl. 487; Bailey's Master & Serv. 157, 158. Plaintiff is required to show that the injury did not arise from an obvious defect which he knew of or could have known of by the exercise of ordinary care, or which was a hazard incident to the business. 21 Pac. 660; 8 S. E. (Va.) 370; 38 Am. & Eng. R. Cas. pp. 31–35 note; Wood, Master & Serv. § 382; Wharton, Negl. § 206; 122 U. S. 189; Bailey, Liability of Master & Serv., pp. 170–175; 2 Rorer, Railroads, § 1212–1216; 3 Elliott, Railroads, § 1308. Negligence constituting the proximate cause of the injury is pre-requisite to liability of appellants. 3 Elliott on Railroads, §§ 1268, 1310. A servant assumes risks ordinarily incident to his service. Wood, Mast. & Serv. § 387; 3 Elliott, Railroads, § 1288. The sixth instruction given for plaintiff was erroneous, in that it told the jury that if the engine was standing in such place that plaintiff could not discover the defect by the exercise of ordinary care, defendant was liable. The liability of defendant rests on the negligent character of its acts and conduct towards plaintiff. 28 S. W. 23; 3 Elliott, Railroads, §§ 1297, 1308. Where master and servant have the same means of knowledge, ordinary risks of service are assumed by the servant. 3 Elliott, Railroads, § 1288, p. 2029; 18 N. W. 584. The alleged defect in the machinery was not pleaded in the complaint, and the court erred in admitting testimony on this point. 22 S. E.

871; 3 Elliott, Railroads, § 1309; Black, Proof & Pldg. in Acc. Cas. p. 59; 54 Ark. 304; 70 Iowa, 594; 1 Black, Judgments, § 183.

*N. T. White, H. King White* and *W. T. Wooldridge,* for appellee.

If the defect complained of was not such a one as the plaintiff might have discovered by the exercise of ordinary care and diligence, he was entitled to recover. Whether such was the case, is a question for the jury. 60 Ark. 442. After discovering the defect, plaintiff did not lose his right of action by continuing on the locomotive. 60 Ark. 443; 57 Ark. 164. Instructions 1 and 4 given for appellee correctly declared the law of contributory negligence.

HUGHES, J. This is an appeal from a judgment for appellee in the sum of five thousand dollars against the appellants. The case was appealed once before, and was reversed and remanded for a new trial. The opinion is reported in 60 Ark. 428.

The appellee was a locomotive engineer in the employment of appellant, and was injured by the derailment of the engine caused by striking a horse. He alleged in his complaint that his injury was caused by the negligence of the appellants in furnishing him with a locomotive the pilot of which was raised so high above the track that the locomotive was dangerous to operate. This was held, on the first consideration here, to be a patent defect, to observe which the appellee was required by law to use ordinary care.

On the first trial, the circuit court, at the request of the appellee, gave the jury the following instruction numbered two (2): "The plaintiff had the right to presume that the engine furnished by the defendant was in good condition, and he was not required to inspect the same for defects; and if the jury find from the evidence that, during the course of the trip, he discovered that, owing to the use of an improper spring under the locomotive, the same had become more dangerous, then, by remaining in the performance of his duties, he did not assume the increased risk occasioned by such defect, unless the jury believe from the evidence that the increased risk was so haz-

ardous that a reasonably prudent man, situated as the plaintiff was, would not have continued in the performance of his duties." This court held on the first appeal that the first part of this instruction was erroneous, in that it in effect told the jury that the plaintiff was not required to take notice of obvious defects; while the law required that he should have used his eyes, and have made such inspection as ordinary care requires of one whose duty it is to take notice of obvious defects. It is, of course, well settled that plaintiff was bound to use ordinary care to observe patent defects in machinery he was operating, and if he failed to do so, and was injured by an accident resulting from such defects, he cannot recover damages for his injury, for he assumed the risk. (See authorities cited in *Fordyce* v. *Edwards*, 60 Ark. 442.)

On the second trial of this cause, the circuit court gave this same instruction, numbered 2, with an amendment to make it read that the plaintiff was not required to inspect the engine for latent defects. This interpolation of the word *"latent"* before the word "defects" was clearly erroneous, because the court had decided that the defect complained of was patent, and there was no question of a latent defect in the case. It might be argued that other instructions given cured this error; but, while there are others that militate against the idea couched in this one, we yet think it was erroneous, and calculated to confuse and mislead the jury, and for this cause, if there were no other errors, the cause should be reversed. But this instruction is clearly obnoxious to further objection.

The second instruction told the jury that "if the jury find from the evidence that, during the course of the trip, he discovered that, owing to the use of an improper spring under the locomotive, the same had become dangerous, then, by remaining in the performance of his duties, he did not assume the increased risk occasioned by such defect, unless the jury believe from the evidence that the increased risk was so hazardous that a reasonably prudent man, situated as the plaintiff was, would not have continued in the performance of his duties." This leaves out of consideration the question whether the appellee used ordinary care to discover the defect complained of, before starting on his trip, and authorizes them to find for

the plaintiff if he discovered the defect after he had started on his trip, provided the danger therefrom was not so great as that a reasonably prudent man, situated as the plaintiff was, would not have continued in the performance of his duties; and this, notwithstanding there was a patent defect which the plaintiff ought to have discovered before starting on his trip, and which was the same he says he discovered only a short time before the accident which occasioned the injury complained of. The defect was patent, and he, under ordinary circumstances, ought to have discovered it before starting on his trip; and, if he did not, he assumed the risk incident to the operation of the engine in that condition, and the fact that he discovered it afterwards would not alter the case. This second instruction was the basis for the third, fourth and fifth for plaintiff. It is easy to see how this might have misled the jury.

In the third, fourth and fifth instructions given at the request of the defendant the court correctly charged the law as to the duty of the plaintiff to use ordinary care to discover this patent defect. But these did not explain or cure the error in the second instruction to which we have adverted.

In the trial the plaintiff introduced, over the objection of the defendant, to which he excepted, evidence to show that the reason why he could not discover the defect complained of was that, at the time he took charge of the engine, it was standing in a depression in the track of the railway, so that the defect would not appear to one using ordinary care in inspecting the engine. The defendants' objection to this evidence was that no allegation was made in the complaint as to this depression, and none that the plaintiff was prevented by it from discovering the defect by the use of ordinary care. As this cause must be reversed, and the plaintiff may amend his complaint in this behalf, we express no opinion as to this. The opinions of witnesses as to what a prudent man would have done under the circumstances were not admissible.

The court, in the sixth instruction given at the instance of the plaintiff, said: "If the jury find from the evidence that, at the time plaintiff took charge of the engine to make the trip on February 5, 1891, the engine was standing in a depression upon the track, then it is a question of fact for the

jury to determine whether this would have prevented him, by the exercise of ordinary care and diligence, from discovering the condition of the pilot at that time." This was held in *Fordyce* v. *Edwards*, 60 Ark. 442, to be a question of fact for the jury.

For the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.