HAAS v. LOUISIANA & ARKANSAS RAILWAY COMPANY.

Opinion delivered October 28, 1905.

CARRIER—LIABILITY FOR BAGGAGE.—Where a passenger delivered his baggage to the agent of a carrier for shipment, the carrier became

liable, in the absence of special instruction by the passenger reliev-ing it of this duty, for failure to carry it to its destination within a reasonable time.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.    Reversed.

*Searcy & Parks,* for appellant.

Instruction No. 2. was erroneous. When the agent took charge of the telescope for the purpose of forwarding it to its destination, the company became responsible.    6 Cyc. 414c.

But the liability of the company commenced when the con-ductor accepted the goods for transportation. It was, therefore, error to refuse instruction No. 4 asked by plaintiff.    60 Ark. 338; 6 Cyc. 431.

*Moore & Moore,* for appellee.

The court will not disturb the finding of the jury on a ques-tion of fact where there is any evidence to sustain it.    48 Ark. 495; 51 Ark. 467; 57 Ark. 577.

It was not within the real or apparent scope of the conductor's authority to receive the baggage for defendant for transportation. Huffcutt on Agency, 2d Ed. 130-131, 147; 6 Cyc. 671 and cases cited; 3 Barb. (N. Y.) 388.

In the absence of proof of notice to defendant of the char-acter of the goods, or that it had reason to know from the appear-ance of the telescope that it contained articles not usually carried as baggage, no recovery could be had.    63 Ark. 344; 65 Ark. 366.

BATTLE J.    A. Haas & Son, on April 13, 1903, commenced an action against the Louisiana & Arkansas Railway Company to recover the sum of one hundred and thirty dollars, alleging that their traveling salesman, J. E. Whitesides, delivered to the defend-ant at Alberta, La., a certain telescope or 'grip,' containing trousers of the value of $130, to be transported to Sibley, La., and delivered to the plaintiffs; and that the defendant had failed to carry and deliver the same as it agreed to do, and that it was wholly lost to the plaintiffs.

The defendant answered, and denied that the telescope or 'grip' had been delivered to it for transportation, or that it had ever received the same.

The facts in the case are, substantially, as follows: On the 23d of June, 1902, J. E. Whitesides, who was at that time in the

employment of A. Haas & Son in the capacity of traveling sales-man, went in defendant's train from Minden to Alberta, La., taking with him his samples in two trunks and a telescope, which were checked to Alberta and put off there.   Whitesides, finding that no sales could be made by him at Alberta, did not open his samples there, but, after seeing them put off, allowed them to lie by the track until the next train going to Sibley arrived.   When this train arrived, he had his baggage, or a part thereof, put on it by one of the train crew and another person.   Whitesides did not check his baggage, because he did not have time to do so. Afterwards in going through the baggage car he found that his telescope or "grip" had not been put on the train.   At the first telegraph station he sent a telegram to O. W. Todd, who at this time was manager of the Bienville Lumber Company's store, at Alberta, La., and defendant's agent at the same place.   White-sides and Todd differ as to the contents of the telegram.   White-sides testified that he instructed Todd to send telescope on the train, and Todd, that he thought he instructed him to give the telescope to the porter on the train.   On the receipt of the tele-gram Todd found the telescope on the outside of the store door, one hundred feet from the railway track.   He put it on the inside of the store, where baggage for the railroad is kept.   After-wards he delivered it to the porter on the train, to be delivered to Whitesides at Sibley.   Plaintiff never received the telescope.

The court instructed the jury over the objections of the plaintiff in part as follows:

"No. 2.   If the jury believe from a preponderance of the testimony in this case that the goods in question were left on the platform or store gallery of the Bienville Lumber Company, at Alberta, La., and that O. W. Todd, upon receipt of the telegram from plaintiff's agent, delivered said goods to the porter on the carrier's train as a friendly act for the accommodation of the said plaintiff's agent, the jury must find that said Todd in so doing was acting as the agent for the plaintiffs, and that such act would not render defendant company liable for the loss of the goods."

The jury returned a verdict in favor of the defendant, and the plaintiff appealed.

39

The court erred in giving the instructions as stated. Todd had no authority to deliver the telescope of the plaintiff to the porter on defendant's train. unless he was authorized to do so by the plaintiff or defendant. Plaintiff's agent, who sent the telegram, says he did not give him such authority, and there is no evidence that the defendant did so. Todd was the agent of the defendant at Alberta. He took charge of the telescope for shipment. It then became the duty of the defendant, in the absence of special instructions of plaintiff relieving it of this duty, to carry it to its destination in a reasonable time. Failing to deliver the property, it became liable to the plaintiff for the value of it.

Reversed and remanded for a new trial.