ARKANSAS & LOUISIANA RAILWAY COMPANY *v.* SANDERS.

Opinion delivered February 11, 1907.

1. STOCK KILLING—NEGLIGENCE.—Proof of the killing of an animal by a railroad train makes a *prima facie* case of negligence against the company, and casts upon it the burden of proving that its servants were not guilty of negligence. (Page 606.)

2. SAME.—Although the engineer in charge of the engine which killed an animal testified that in his judgment the chances of avoiding the injury were bettered by omitting to ring the bell or sound the whistle, the jury were not bound to accept his opinion, and might

have found that he failed to exercise ordinary care to avoid injuring the animal.    (Page 606.)

3. SAME—TEST OF NEGLIGENCE.—An instruction which made the question of negligence to depend upon whether or not the person did the best he could under the circumstances was properly refused; the test of negligence being whether such person omitted to do something which a reasonably prudent person would, or did something which a reasonable prudent person would not, do under like circumstances. (Page 607.)

4. EVIDENCE—HEARSAY.—It was not error to permit witnesses to testify, from having the plaintiff point out the place where the animal in question was killed by a train, as to the distance the engineer and fireman could have seen the animal after the engine passed out of a certain cut, where the plaintiff also testified that he went with these witnesses and assisted them in measuring the distance.    (Page 607.)

5. RAILROAD—DUTY TO KEEP LOOKOUT.—Where the evidence showed that an animal on a railroad track could have been seen by the trainmen about 156 yards ahead of the engine, and the engineer testified that he did not see it until he got within a distance of 100 yards, the jury were warranted in finding that no lookout was kept.    (Page 607.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*W. C. Rodgers* and *B. S. Johnson,* for appellant.

1. The peremptory instruction for defendant should have been given. The issues are matters of law, as there is no conflict in the evidence, and no liability. The *prima facie* case resulting from the injury was clearly overcome by the evidence, and the jury could not disregard it.    67 Ark. 514, 516; 53 *Id.* 96, 97; 62 *Id.* 182, 185; 66 Id. 439, 441; 81 Ga. 202; 83 *Id.* 393; 70 Miss. 348.

2. It was error to permit plaintiff to prove the location of the accident by witnesses from his own statements as to where the horse was when struck.    23 Ark. 282-6; 28 Col. 502; 106 Cal. 220; 41 W. Va. 332; 21 Ark. 349, 356; 109 Mich. 546; 64 S. W. Rep. 863; 65 Oh. St. 403; 64 S. W. Rep. 630; 91 S. W. Rep. 30, 31; 92 *Id.* 251; 91 S. W. Rep. 8.

3. The ninth instruction asked by defendant correctly stated the law, and should have been given. The first, second, third and fourth instructions for plaintiff should not have been given. The first is vicious; the second is wrong; the third is

objectionable as it gives the jury no guide as to what is due care; the fourth is abstract. Abstract instructions serve no good purpose, and giving them is error. 14 Ark. 537; 36 Id. 646; 37 *Id.* 591; 54 *Id.* 339; 56 *Id.* 461; 61 *Id.* 560; 91 S. W. Rep. 187; 92 *Id.* 788.

*W. P. Feazel* and *Sain & Sain,* for appellee.

It was the duty of the employees, after discovering the horse, to do all in their power to avoid the killing. They did nothing, and can not excuse their negligence by stating their experience. Whether it was safer not to sound the alarm was for the jury. 68 Ark. 32; 57 Id. 192. See, also, 81 Ark. 35. These authorities show that there is no error in the instructions given and none in refusing these asked by defendant. If the engineer saw the horse so near as to indicate danger, he was negligent in not sounding the alarm, slowing up, etc. If he could have seen the horse in time and by exercise of ordinary care avoided the injury, and failed to do so, he was guilty of negligence; or, if no proper lookout was kept, it was negligence.

McCULLOCH, J. This is an action against the railway company by the owner of a horse to recover damages for its alleged negligent killing by servants of the company in the operation of a train, and it is the second appearance here of the case. *Arkansas & Louisana Ry. Co.* v. *Sanders,* 69 Ark. 619. The facts are stated in the former opinion. The second trial resulted in a verdict in favor of the plaintiff for the value of the horse, and the defendant again appealed. It is contended that the evidence does not sustain the verdict.

Proof of the killing of the animal made a *prima facie* case of negligence against the company, and cast upon it the burden of proving that its servants were not guilty of negligence. It was admitted by the engineer that no alarm was given, either by ringing the bell or sounding the whistle. He stated, however, that in his judgment the chances of avoiding the injury were, under the circumstances, better by omitting these alarms. This left a question for the jury to determine whether he exercised ordinary care to avoid injuring the animal. The jury were not bound to accept his opinion as to the best means of avoiding the injury. They had the right to exercise their own judgment in determin-

ing that question, as it was not a question calling for especial knowledge or experience on the subject. The evidence shows that the horse was running toward the track in front of the approaching engine, and it is very probable that an unusual alarm, such as a blast of the whistle, would have frightened the animal and diverted its course from the direction of the danger. *Fordyce* v. *Edwards*, 65 Ark. 98.

Appellant complains of the court's refusal to give the following instruction: "No. 9. If the jury find from the evidence that the engineer and fireman did all they reasonably could have done to avert an injury to the animal in controversy, and in good faith exercised the best judgment they could under the circumstances and in the time they had to consider, they will find for the defendant, though they further find that, had they acted otherwise, the accident would not or might not have happened." The instruction was properly refused. It made the question of negligence or due care depend upon whether or not the engineer and fireman "in good faith exercised the best judgment they could under the circumstances." This is not the correct test of negligence, which is the omission to do something which a reasonably prudent and careful person would, or the doing something which such a person would not, do under like circumstances. 1 Thompson on Negligence, § § 1, 2; *Hot Springs Railway Co.* v. *Newman*, 76 Ark. 607. The engineer and fireman may have in perfect good faith done what they honestly believed to be the best in order to avoid the injury, and yet have been guilty of negligence.

No error was committed by the court in permitting witnesses to testify, from having the plaintiff point out the place where the animal was killed, as to the distance the engineer and fireman could have seen it after the engine passed out of the cut. Their testimony was, of course, founded upon the truth of plaintiff's statement pointing out the place to them, and the jury considered this in testing the weight of their testimony. It was not hearsay, because the plaintiff testified that he went with them and assisted in measuring the distance.

Nor was there any error in instructing the jury upon the duty of defendant's servants to keep a lookout. There was evidence to base the instruction upon, as the engineer testified that he saw the horse only 70 or 100 yards in front of the engine,

and the testimony of the other witnesses tended to show that the horse could have been seen about 156 yards. If it could have been seen that distance, and the engineer did not see it until he got within a distance of 100 yards, the jury were warranted in finding that no lookout was kept.

Judgment affirmed.