## PAUL *v.* STATE.

### Opinion delivered July 3, 1911.

1. RAPE—CONVICTION OF ASSAULT—EVIDENCE.—Proof that the accused took hold of the arm of the prosecuting witness and asked her if she would not like to make a half dollar easy is insufficient to support a conviction of assault with intent to rape. (Page 562.)

2. TRIAL—ARGUMENT.—The prosecuting attorney in argument to the jury over defendant's objection said: "If there was not enough evidence to convict the defendant of assault with intent to commit rape, the court would not have permitted the case to go to the jury, and this warrants you in convicting him." *Held,* error. (Page 563.)

3. RAPE—INSTRUCTIONS.—In a prosecution for assault with intent to rape, it was error to refuse to charge that before the defendant can be convicted you must find that he assaulted the prosecuting witness, and at the same time intended to use whatever force was necessary to overcome said witness and have sexual intercourse with her, and that he intended to use so much force as would be necsessary to accomplish that purpose and overcome her resistance. (Page 563.)

Appeal from Independence Circuit Court; *R. E. Jeffery,* Judge; reversed.

*McCaleb & Reeder,* for appellant.

1. The instructions 1 and 2 requested by appellant state the law, and in view of the evidence one or both of them should have been given. If given, the jury would have understood what was meant by "forcibly and against her will," and "with intent to commit rape" as used in the instruction No. 1 given by the court. 33 Atl. (Del.) 441; 47 Ia. 151; 73 Ia. 225; 35 Tex. 481; 8 So. (Ala.) 383; 14 So. (Ala.) 403; 16 So. (Ala.) 371; 14 Gray, 415; 74 Mo. 24; 36 N. E. 274; 9 Tex. App. 66; 27 N. W. 288; 11 Ark. 389; 77 Ark. 37; 32 Col. 397; 63 Ga. 355; 168 Ind. 615; 12 Tex. App. 144; *Id.* 196; 44 Tex. Crim. App. 213; 46 *Id.* 402; 49 *Id.* 172; 51 *Id.* 5; 52 *Id.* 55.

2. The evidence wholly fails to make out a case of assault with intent to rape. In order to convict, the evidence must show that the defendant's "intent was specific to do the whole of what constitutes the substantive crime." 1 Bishop, New Crim. Law, § § 736-7; 77 Ark. 37; 84 S. W. (Ark.) 505.

3. Even if the intent had been sufficiently proved, appellant could not properly be convicted because no act testified to consti-

tute the beginning or part of the contemplated crime. 77 Ark. 37; 1 Bishop, New Crim. Law, § 737; 49 Ark. 179, 182, and cases cited; Kirby's Dig. § 1583; 73 Ark. 625; 84 S. W. 505; 11 Ark. 409; 32 Eng. Com. Law. Rep. 524; 13 Ark. 360.

4. The closing argument of the prosecuting attorney was most flagrant and prejudicial, inexcusable as an expression of opinion and not justifiable as a correct statement of law. The court's refusal to sustain appellant's objection to such argument was an indorsement thereof in the minds of the jury, and they could not have returned any other verdict than that of guilty without contravening the law as declared by the prosecuting attorney and ratified by the court. 65 Ark. 389; 72 Ark. 461, 469; 76 Ark. 430; 82 Ark. 432, 440.

*Hal. L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

Error is confessed because:

1. The 1, 2 and 3 instructions requested by appellant were proper; and, since they covered a material element in the offense charged, they should have been given.

2. The prosecuting attorney's closing argument was most objectionable. It amounted to a statement of law ratified and approved by the court. It went to the jury as a declaration by the court on the weight of the evidence, contrary to art. 7, sec. 23, Constitution of Arkansas. The court thereby allowed the prosecuting attorney to state that the court thought defendant guilty and that would warrant the jury in convicting. When the court intimates what his opinion is on the facts, this is prejudicial error, calling for reversal. 72 Ark. 461; 65 Ark. 389; 76 Ark. 430; 82 Ark. 432; 95 Ark. 362; 60 Ark. 76; 51 Ark. 147; 43 Ark. 73; 89 Ark. 394; 58 Ark. 367; 69 Ark. 648; 65 Ark. 475.

3. The facts developed in evidence do not sustain the verdict. 88 Ark. 91, and cases cited by appellant.

WOOD, J. John Paul was indicted at the October term, 1910, of the Independence Circuit Court of the crime of assault with intent to rape, the indictment in due form charging that he made an assault upon one Meldora Masner. He was convicted, and his punishment fixed at three years in the State penitentiary.

The prosecuting witness testified in substance that she was at her home near Batesville on the 4th of June, 1910; that her

husband had been in town, had driven to the lot and called to her to come down and help get the goods he had brought from town. She went to the lot, and while there some one came to the gate. She went to the house, met appellant at the gate, and he spoke to her saying, "Good evening." Appellant asked her if she had any milk, and she stated that she had; he said that he would like to get about a gallon. She said, "All right, where is your bucket?" He stated that he had none, and she said that she would let him have one. Witness stepped into a room, and said to appellant, "Go in; Mrs. Masner is in the house," and he said, "No, I will just wait right here." She went on through a small room into the dining room, and when she got about midway of the dining room floor she saw appellant at the end of the dining room table. It scared her to see him there. She went into the cook room, and as she reached the table appellant rushed up, took hold of her arm and asked her if she would not like to make a half-dollar easy. She jerked loose from him and ran out into the big road screaming and met her husband. It was dark in the room in which appellant took hold of her arm.

She also testified that she had no acquaintance with appellant before; had only seen him before this. Witness also stated that appellant knew that her mother-in-law, Mrs. Masner, was in the house at the time of the occurrence, and that some small children were on the place.

Elmer Masner, husband of the prosecuting witness, testified that his wife ran out of the house and met him between the house and barn, and complained to him of the conduct of the appellant; that she was badly scared and crying when she met him; that he went on to the house, but did not find appellant there.

The court instructed the jury as to the issue to be tried, stating that the offense of which appellant was indicted included that also of assault and battery and simple assault, and read to the jury the sections defining the various offenses included in the indictment. The court also instructed the jury as follows:

"1. If you believe from the evidence beyond a reasonable doubt that the defendant, in Independence County, Arkansas, at any time within three years next before the 29th day of October, 1910, assaulted Meldora Masner with the intent to commit rape upon her by then and there having sexual intercourse with her

forcibly and against her will, you should find him guilty of assault with intent to commit rape and fix his punishment at imprisonment in the penitentiary for a period of not less than three nor more than twenty-one years."

The court also instructed the jury in instruction No. 4 as to reasonable doubt, and as to the form of their verdict in case they should find the defendant guilty of either simple assault, assault and battery or assault with intent to commit rape, stating in the last paragraph of the instruction that "If you find defendant guilty of assault with intent to commit rape, the form of your verdict will be, 'We, the jury, find the defendant guilty of assault with intent to commit rape, and fix punishment at not less than three nor more than twenty-one years in the State penitentiary.'" Appellant objected to the instructions, and duly preserved his exceptions.

Appellant also requested the court to grant the following prayers for instructions:

"1.   Before the defendant can be convicted of assault with intent to commit rape, you must believe from the evidence that he assaulted the prosecuting witness and at the same time intended to use whatever force was necessary to overcome said witness and have sexual intercourse with her, and unless you so find you should acquit him of the felonious assault.

"2.   Unless you believe from all the evidence in this case beyond a reasonable doubt that the defendant assaulted the prosecuting witness with the intention of ravishing her, and that he intended to use so much force as would be necessary to accomplish that purpose and overcome her resistance, then you are authorized to find the defendant not guilty of an assault to commit rape.

"3.   Before you would be authorized to find the defendant guilty of an attempt to commit rape, you must believe from all the evidence in the case beyond a reasonable doubt that he not only assaulted the prosecuting witness, but that he did so with the felonious intent of ravishing her forcibly and against her will; and, unless you so find, you should acquit the defendant of an assault with intent to commit rape."

These prayers were refused, and the defendant duly saved his exceptions.

In his closing argument to the jury the prosecuting attorney made the following statements: "If there was not enough evidence to convict the defendant of assault with intent to commit rape, the court would not have permitted the case to go to the jury, and this warrants you in convicting him." And further: "Defendant, by admitting that he is guilty of assault and battery, admitted that he was guilty of assault with intent to commit rape, and admitted himself into the penitentiary."

Appellant at the time objected to these statements, and his objections were overruled by the court, after which appellant requested the court to withdraw said argument from the jury, and, the court refusing to do so, appellant duly excepted to the ruling.

Appellant filed his motion for new trial, assigning as errors the various exceptions preserved at the trial, which motion was overruled, and he duly prosecutes this appeal.

The facts are no stronger to sustain the charge of an assault with intent to commit rape than were the facts in the case of *Anderson* v. *State,* 77 Ark. 37. In that case the prosecutrix, while waiting for a certain train at Texarkana, went to sleep. When she awoke, the appellant in that case, Charles Anderson, was sitting by her side. She testified: "He asked me my name, and where I was going, and said he was going on the same train. That the conductor had told him to take care of me and put me on the right train. Then he got up, and looked out the door, and said that the train was coming; come on. And he took me around the depot, saying that he had ten dollars for me. After he got to the alley he said he had a present for me, and tried to get me to go up and see some little children. He kissed me and tried to pull me into the alley. I was afraid. I commenced crying, and he said the bad man would get me if I cried. I told him I wanted to go back to the depot to get a drink, and he said he would give me any kind of a drink I wanted. He turned me loose, and I ran back to the depot. He told me to go back to the depot, that he would see me later."

In that case the court, speaking through Judge BATTLE, said:

"The statutes of this State, requiring the unlawful act to be coupled with the present ability to do the injury, clearly indicate that the unlawful act must be the beginning or part of the act

to injure, of the perpetration of the crime, and not of preparation to commit some contemplated crime. This case is an illustration. Anderson never attempted to have sexual intercourse with Pearl Bond by force or consent. He never asked her for permission; never put his own person in position or condition for such act: never attempted to raise her clothes or to throw her down, or to do acts without which sexual intercourse could not be accomplished. But, when she persisted in pulling back and returning to the depot, he let her loose, and told her to go. We do not think that the evidence was sufficient to sustain a verdict and judgment for an assault with intent to rape, but that it will sustain a judgment for an assault and battery, they being included by the averments in the indictment."

The Attorney General in this case confesses error, and we think his confession of error is well taken, both on the insufficiency of the evidence to sustain the verdict and as to the argument of counsel. As to the latter he says: "In this case the court allowed the prosecuting attorney to state that the court thought defendant guilty, and that would warrant the jury in convicting. The court, by refusing to interfere, approved and indorsed the statement of the prosecuting attorney. The court should in no manner intimate what its opinion of the facts is, and if it does so it errs. The error is prejudicial, and calls for a reversal."

The Attorney General is correct in this statement.

The court also erred in refusing the prayers for instructions asked by the appellant. See cases cited in his brief to this point.

The confession of error is sustained, and the judgment is reversed, with directions to enter a judgment against appellant of conviction for assault and battery, and to fix the punishment for that offense.