## BENSON *v*. STATE.

### Opinion delivered April 20, 1914.

1. APPEAL AND ERROR—REFUSAL TO GIVE PROPER INSTRUCTIONS—HARMLESS ERROR.—It is not prejudicial error to refuse to give requested instructions which properly state the law, when the law therein contained is stated in other instructions given by the court. (Page 445.)

2. TRIAL—IMPROPER TESTIMONY—PREJUDICE.—Where the prosecuting witness, while on the stand, addressed improper remarks to the defendant, the prejudice resulting therefrom was removed by the admonition of the court that the witness "must just testify and confine herself to answering questions." (Page 445.)

3.  TRIAL—IMPROPER TESTIMONY—REMOVAL OF PREJUDICE.—The prejudice arising from an improper remark of a witness that defendant was drunk, is removed by the prompt admonition of the court to the jury, not to consider the statement.  (Page 446.)

4.  CRIMINAL PROCEDURE—SUSPENSION OF TRIAL—DISCRETION OF COURT.— In a criminal trial it is not an abuse of its discretion for the trial court to refuse to suspend the proceedings to enable the defense to procure a witness, to contradict certain statements of the prosecuting witness.  (Page 446.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*Jones & Owens* and *Jackson & Jones,* for appellant.

1.  Instructions 5 and 6, requested by appellant, correctly stated the law, and should have been given.  99 Ark. 558; 105 Ark. 218.

2.  When the prosecuting witness, while testifying, used violent and denunciatory language toward the appellant, speaking of him as a dirty cur, unfit to run at large, it was reversible error in the court to refuse to rebuke such language.  88 Ark. 237; 10 Cox, C. C. 25; 1 Wharton, Crim. Law, 638; 229 Mo. 620; 30 Am. & Eng. Enc. of L. 1078; 145 S. W. 441; 30 S. W. 602; 70 Miss. 742; 142 U. S. 450; 80 Tex. App. 623; 50 Vt. 316; 4 N. Y. Cr. R. 272; 25 N. Y. Supp. 943; 151 S. W. 141; 65 Ark. 625; 70 Ark. 305; 61 Ark. 137; 74 Ark. 258; 71 Ark. 415.

3.  Clifton's statement, which branded appellant as a drunkard, was highly prejudicial, and the prejudicial effect could not be overcome by a mere statement by the court directing the jury not to consider it.

4.  Appellant should have been allowed a continuance until he could procure the attendance of a witness who would have testified to previous statements of the prosecuting witness contradictory of material matters testified to by her at the trial.  99 Ark. 394; *Id.* 547; 71 Ark. 180.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.  Courts are not required to multiply instructions.  The same declaration of law contained in instruc-

tions 5 and 6 had already been given. 110 Ark. 209; 100 Ark. 201.

2. The court's instruction to the jury was sufficient to remove any prejudicial effect that might have resulted from the denunciatory statement of the prosecuting witness. Besides, appellant made no specific request for a direction from the court not to consider it.

3. Clifton's testimony was not prejudicial. The court promptly instructed the jury not to consider the statement objected to.

4. The court properly refused to continue the case. The evidence desired was merely cumulative.

McCulloch, C. J. The defendant was convicted of the crime of assault with intent to commit rape.

The State relied mainly upon the testimony of the woman alleged to have been assaulted, and her testimony is sufficient to sustain the charge that the defendant assaulted her at the time and place named in the indictment with intent to have sexual intercourse with her forcibly and against her will. Other witnesses corroborated her testimony.

The defendant denied that he was present on the occasion named or that he assaulted the witness.

The evidence was sufficient to sustain the verdict.

Defendant requested the court to give the following two, among other, instructions, which the court refused, and those rulings are assigned as error:

"No. 5. You are instructed that before defendant can be convicted of assault with intent to commit rape, you must believe from the evidence that he assaulted the prosecuting witness, and that at the same time, with the intent to use whatever force was necessary to overcome said witness, and for sexual intercourse with her, and unless you so find, you should acquit him of the felonious assault."

"No. 6. Unless you believe from all the evidence in this case, beyond a reasonable doubt, that the defendant assaulted the prosecuting witness with the intent of rav-

ishing her, and that he intended to use so much force as would be necessary to accomplish that purpose and overcome her resistance, then you are authorized to find the defendant not guilty of an assault to commit rape.''

We are of the opinion, however, that the substance of those instructions was covered by others given by the court in its oral charge.

Counsel for appellant rely upon the case of *Paul* v. *State,* 99 Ark. 558, as sustaining their contention that this constitutes reversible error.

In that case, however, the judgment was reversed and the cause remanded for a new trial on account of two other errors of the court. It was said in the opinion that the refusal to give those instructions was error, but it was not said that the case would be reversed on that account. The case was, in fact, reversed on other grounds, and the error in refusing those instructions was mentioned in view of another trial of the case.

Those two instructions were appropriate in this case, and the trial court should have given them, we think, as clear enunciations of the law on the subject. But, as before stated, the same idea was conveyed to the jury in other instructions, and we do not think that the refusal of the court to give these operated to the defendant's prejudice.

Another ground urged for reversal is that the prosecuting witness, while on the witness stand, pointed the defendant out and referred to him by using an epithet. Objection being made by defendant, the court admonished the jury that she must ''just testify'' and confine herself to answering questions.

Defendant contented himself with saving exceptions without asking the court specifically to give any directions to the jury. We are of the opinion that the incident did not constitute reversible error.

It is next insisted that the court erred in permitting the officer who arrested defendant to refer in his testimony to the fact that defendant was drunk. The officer stated that when he went to arrest the defendant he

found him and his wife together and that he recognized him by being with his wife on account of the fact that she had been to police headquarters looking for defendant, claiming that he was drunk.

As soon as objection was made the court instructed the jury not to consider this statement, which removed any prejudicial effect which otherwise might have resulted.

Another error is assigned in the court's refusal to suspend the trial during the progress thereof and postpone further proceedings to await the procurement of another witness to contradict the prosecuting witness concerning her testimony in the examining court.

Defendant had produced several other witnesses who testified to the same contradictory statements of the prosecuting witness, and if it was desired to have this particular witness he should have been summoned before the commencement of the trial. We do not think any error was committed in this ruling. It was a matter within the discretion of the court under the circumstances of the case, and no abuse of that discretion is shown. Judgment affirmed.