## JORDAN v. STATE.

### Opinion delivered September 29, 1924.

1. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—While the accused could not be asked on his cross-examination about a mere accusation or an indictment, he could be asked whether he had committed a similar offense or had been convicted of it.

2. RAPE—EXCLUSION OF TESTIMONY AS TO CONDUCT OF PROSECUTRIX.—Where there was no issue in a prosecution for assault with intent to rape, as to the prosecutrix having consented to sexual intercourse, it was not error to exclude testimony tending to show that she had taken improper liberties with other young men.

3. CRIMINAL LAW—INVITED ERROR.—Where defendant undertook to prove that he was being persecuted, and that there was an attempt to blackmail him, it was not error to permit the State to contradict such testimony in rebuttal.

4. CRIMINAL LAW—ORDER OF INTRODUCTION OF TESTIMONY.—It rests within the sound discretion of the trial courts to permit testimony to be adduced out of time, and the exercise of that discretion will not be disturbed unless an abuse is shown.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Hays, Priddy & Hays,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was convicted of an assault with the intent to commit rape, alleged to have been committed upon the person of Neulion Spann. He denied having made the assault, and, while the testimony upon this issue is in sharp and irreconcilable conflict, it is conceded that the testimony is legally sufficient to support the verdict.

Error is assigned in the admission and in the exclusion of certain testimony and in giving an instruction numbered 7, over appellant's objection.

It is insisted that the court erred in permitting the prosecuting attorney to interrogate appellant on his cross-examination. This testimony related to a prior assault upon another female, and it is insisted that the effect of this cross-examination was to show that appellant had been indicted for a similar offense and accused of another of like nature.

It appears, however, that the judge had before him at the time this question arose the opinion of this court in the recent case of *Parnell* v. *State,* 163 Ark. 316, to which he referred and to which his ruling conformed, and this was that appellant could not be asked on his cross-examination about a mere accusation or an indictment, but that he could be asked if he had committed the offense or had been convicted of it.

The court excluded testimony tending to show that Miss Spann had fondled certain young men, yet gave

instruction numbered 7, reading as follows: "Gentlemen of the jury, you are instructed that you may take into consideration any acts of Neulion Spann tending to lewdness, if any such acts are shown by the testimony, and also the general reputation of the said Neulion Spann for chastity; this evidence is to be considered by you for the purpose of determining whether the said Neulion Spann did or did not consent to the alleged attempt of the defendant to have intercourse with her."

The court properly excluded this testimony, as there was no issue in the case of consent. *Maxey* v. *State*, 66 Ark. 523. Having excluded this testimony, instruction numbered 7 should not have been given, as it was abstract; but we do not think it was prejudicial, for the reason, as we have stated, that no contention was made that Miss Spann had consented. In the case of *Brust* v. *State*, 153 Ark. 348, we quoted from the case of *Lockett* v. *State*, 136 Ark. 473, as follows: " 'Now, it was competent, of course, to impeach the credibility of the prosecuting witness on cross-examination by interrogating her concerning particular instances of immorality on her part, but appellant was bound by her answers on that subject, and could not introduce witnesses to contradict her. *McAlister* v. *State*, 99 Ark. 604.' "

It is next insisted that the court erred in permitting the State to interrogate W. M. Burnett in regard to a difficulty between appellant and Miss Spann's father, which occurred at appellant's home about a month after the commission of the alleged assault, and the day before appellant was arrested on that charge. Appellant had closed his case when this witness was called, and it is insisted (a) that the testimony was incompetent for any purpose, and (b) that, if competent at all, it was not proper as rebuttal.

We do not think either objection is well taken. It was the theory of the defense that the prosecution was a "frame-up," designed to extort money from appellant, and that it culminated when appellant insisted that the father of Miss Spann pay him a debt secured by a mort-

gage on certain live stock, and his refusal to release this mortgage. A fight occurred at the time and place mentioned, the circumstances of which were detailed by appellant as a witness, and, according to his version, Mr. Spann was the aggressor. According to the testimony of Burnett, appellant was the aggressor in this difficulty, and we think no error was committed in permitting him to so testify. Appellant had attempted to show that he was being persecuted, and that there was an attempt to blackmail him, and, having offered testimony to establish that defense, there was no error in permitting the State to rebut it. Moreover, it rests within the sound discretion of trial courts to permit testimony to be adduced out of time, and the exercise of that discretion will not be disturbed unless an abuse is shown, and there appears to have been no abuse of this discretion here. *Wells* v. *State*, 151 Ark. 221.

No error appearing, the judgment is affirmed.