BROCK v. STATE.

Opinion delivered March 23, 1925.

1. RAPE—ASSAULT WITH INTENT TO RAPE—EVIDENCE.—Evidence *held* sufficient to support a conviction for assault with intent to rape.

2. RAPE—INSTRUCTION.—In a prosecution for assault with intent to rape, an instruction that defendant would be guilty of assault with intent to rape if the prosecuting witness rejected his advances, or if he made such advances in a lascivious way without her consent, was erroneous, since to convict, the jury must find that he intended to overcome her resistance by force or intimidation.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*W. H. Neal* and *C. M. Wofford,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Bert Brock was convicted before a jury of the crime of assault with intent to rape, and his punishment fixed at three years in the State Penitentiary. The case is here on appeal.

The first assignment of error of appellant is that the evidence is not legally sufficient to support the verdict.

Bessie Dobbs was the prosecuting witness, and was eighteen years of age at the time she claimed that Bert Brock made the alleged assault upon her in Crawford County, Arkansas. According to her testimony, in November, 1923, she was carrying the mail from Rosedale to Evansville, in Crawford County, Arkansas. She said that she knew Bert Brock and Clay Cusick. We quote from her testimony the following:

"Q. They are charged here with making an assault upon you about the 5th of November; tell the jury what happened. A. I carried the mail. When I got back to Odell, Bert and Clay were standing out there, and when I stepped back to the door they were going off down the road, and when the postmaster got the mail fixed up, I took it and went out and put it on the horse and started on. I got down the trail; they were both sitting there on a log, and when I saw them I started to run by them, and Bert run and caught the horse's rein, and Bert said, 'Get off of there, and I said, 'I won't do it,' and he said, 'Get off of there and jazz,' and I hit him, and he hit me just as hard as he could on the leg, and turned me loose, and I told him I was going to tell on them, and they said they did not give a damn what I told. Q. Tell the jury how he took hold of you. A. He tried to pull me off. Q. Did he try to pull you off? A. He just told me to get off and jazz with him. They had a gun. Q. What kind of a gun was it? A. Some kind of a shotgun. Q. You hit him with a switch? A. Yes sir. Q. Was it then he turned you loose? A. He turned the horse

loose when he was pulling on me, but Clay had hold of the reins. Q. Was anybody with you? A. I was by myself."

Howard White, a boy fourteen years old, testified that he knew Bert Brock and Clay Cusick. He was on the porch of the building in which the postoffice was kept at Odell, at the time it is charged that they made an assault upon Miss Bessie Dobbs. He heard them say that they were going down the road and hold the girl up.

This testimony, if believed by the jury, was sufficient to warrant the verdict. Our statute provides that whoever shall feloniously, wilfully and with malice aforethought assault any person with intent to commit rape shall, on conviction, be imprisoned in the penitentiary not less than three nor more than twenty-one years.

In construing this statute this court has held that a conviction for an assault with intent to commit rape will be set aside where the evidence fails to show that the accused did an act which was the beginning or part of the contemplated crime. *Anderson* v. *State,* 77 Ark. 37, and *McDonald* v. *State,* 160 Ark. 185.

The testimony of the prosecuting witness tends to show that Bert Brock and his companion had a gun, and that Brock stopped and attempted to drag her from her horse. She hit him with her whip, and he hit her just as hard as he could on the leg. He had demanded that she get off of her horse and "jazz" with him.

The jury might have inferred from this testimony that he was guilty of something more than an intent or preparation to commit the alleged crime. The circumstances detailed showed the beginning of an attempt to rape the prosecuting witness, and that the unlawful attempt was coupled with the present ability to do the injury. Therefore the assault was complete.

The next assignment of error is that the court erred in giving instruction No. 3 to the jury, which reads as follows:

"If he put his hands upon her, and she objected or rejected his advances, or if he did it in a lascivious way,

without her consent, then he would be guilty of assault. The first thing you have to determine is whether he is guilty of assault to rape, and then for you to determine whether he is guilty of any grade of assault.''

In instruction No. 2 the court had gone into the ingredients necessary to constitute the crime. A specific objection was made to instruction No. 3 on the ground that it tended to leave the impression on the jury that, if Bert Brock laid his hands on the prosecuting witness in a lascivious way, without her consent, they might find him guilty of an assault with intent to rape.

We think the instruction is open to the construction placed upon it, and necessarily constituted prejudicial error to the rights of appellant. In a prosecution for assault with intent to rape, force is a necessary element of the crime. It is necessary for the jury to find that the accused intended to use whatever force was necessary to overcome the prosecuting witness and have sexual intercourse with her, and that he intended to use as much force as would be necessary to accomplish that purpose and overcome her resistance. *Paul* v. *State,* 99 Ark. 558; *Kindle* v. *State,* 165 Ark. 284. Of course, if the circumstances of the case show that the woman was put in fear of death or bodily harm to such an extent that she was unable to resist, this would be equivalent to force.

This instruction was erroneous because it told the jury that the defendant would be guilty of assault with intent to rape if the prosecuting witness rejected his advances, or if he made such advances in a lascivious way without her consent. This left out of consideration the question of force.

Therefore, for the error in giving instruction No. 3 over the specific objections of appellant, the judgment must be reversed, and the cause will be remanded for a new trial.