FRANKS *v*. STATE.

Opinion delivered May 25, 1925.

1.  RAPE—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a verdict of guilty of assault with intent to rape.

2.  CRIMINAL LAW—EXCLUSION OF EVIDENCE—HARMLESS ERROR.—In a prosecution for rape, there was no reversible error in refusing to permit accused to interrogate State's witness, for the purpose of affecting his credibility, as to his having had intercourse with the prosecutrix on the morning after the alleged offense, where such fact was proved by the prosecutrix, especially where the witness had thoroughly discredited himself.

3.  CRIMINAL LAW—INSTRUCTION NOT PREJUDICIAL WHEN.—In a prosecution for rape, even though the testimony of the prosecutrix was that sexual intercourse was fully consummated, a charge of the court on assault with intent to rape was not prejudicial, as it operated to accused's benefit.

4.  RAPE—INSTRUCTION—WEIGHT OF EVIDENCE.—In a prosecution for rape, an instruction that, while the prosecutrix should have offered such resistance as she might to prevent the defendant from effecting his purpose, the extent of such resistance is to be determined by the situation of the parties, the age of the prosecutrix, and whether she was acting under the influence of fear, *held* not on the weight of the evidence.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

*June R. Morrell, J. S. Steel* and *George R. Steel,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted by the grand jury of Sevier County for the crime of rape, alleged to have been committed on the person of Lenora Gill, a girl about thirteen years of age. On the trial of the cause the jury found the defendant guilty of assault with intent to rape, and fixed his punishment at twenty-one years in the penitentiary.

It is earnestly contended in the first place that the evidence is not sufficient to sustain the verdict.

The girl, Lenora Gill, and the appellant were related by marriage—her sister being the wife of a brother of

appellant's wife. The girl lived with her mother in the same neighborhood with appellant and his wife, and was accustomed to visit at their home.

The crime was said to have been committed on or about July 1, 1924. This was during the peach harvest, and the girl, together with another girl related to her, Dixie Jackson by name, was staying at appellant's home to help harvest peaches. The girl testified that, during the evening, about dark, appellant requested her and Dixie Jackson to accompany him out to the edge of a thicket near the house to gather some wood, and that, when they got out in the edge of the thicket, appellant, in the presence of Dixie Jackson, seized her and threw her down, and had sexual intercourse with her, forcibly and against her will. She testified that she cried and fought him and made every effort to get him to desist, but that he consummated the act of sexual intercourse. She testified that she remained at the house of appellant two or three days, and then went back home, and that she did not tell anybody about it until she started to school about a week later, when she told her mother. She testified also that, early the next morning after the crime was committed, appellant and an associate, Charlie Busbee, took her and Dixie Jackson in a car over to appellant's mother's home, ostensibly to peel peaches, but did not remain there, and brought them on back towards his (appellant's) home, and stopped the car in the woods, and that appellant turned her (witness) over to Charlie Busbee, who had intercourse with her forcibly, and that appellant took Dixie Jackson aside for a short distance, the inference being from the statement that he had intercourse with her.

Dixie Jackson testified, in corroboration of the testimony of Lenora Gill, that she was present at appellant's house on the night in question, when she and Lenora accompanied appellant, at the latter's request, into the thicket, and that appellant had intercourse with Lenora, forcibly and against Lenora's will. She testified that she heard Lenora crying and telling appellant to quit.

The State introduced Charlie Busbee, who, it was shown, was confined in jail on the charge of assaulting one of these girls, and he testified that, on the night appellant is said to have committed the rape on Lenora Gill, he was at appellant's house; that appellant and the two girls started out into the woods to gather wood with which to cook supper, and that he started with them; that appellant objected to his going, and that, as they returned, one of the girls was laughing, and said that she knew something on Lon (appellant), and that appellant afterwards told him that he had "had dealings with the girl before." On cross-examination, counsel for appellant asked the witness if he did not have intercourse with Lenora Gill the morning after this occurred, and, on objection of counsel for the State, the court excluded the question, and appellant's counsel then offered to prove by this witness that he had had sexual intercourse with Lenora Gill that morning as well as on other occasions. This testimony was offered, as stated by counsel for appellant, "for the purpose of showing his interest in this case and affecting his credibility as a witness."

Appellant testified in the case, and denied that he assaulted either of the girls or that he had ever had sexual intercourse with them. He stated that, on the night in question, he went out into the thicket, a short distance from his home, about dark, for the purpose of getting wood; that the girls did not accompany him, at least that they did not get out into the thicket where he was, and that he was in full view of the house all of the time, and made no attempt to assault either of the girls.

There was testimony relating to the examination of the girl shortly after the alleged commission of the crime, and her condition at that time. The physician who examined her parts testified that there was an appearance of her having been entered shortly before the time of the examination.

The testimony was sufficient to sustain the verdict.

It is next contended that the court erred in refusing to permit appellants to interrogate witness Busbee,

for the purpose of affecting the latter's credibility as a witness, as to whether or not he had had intercourse with Lenora Gill on the morning after the alleged commission of the crime set forth in the indictment. Witness Busbee had shown himself so untrustworthy by his own statements while on the witness stand that it is difficult to see how he could have been any more thoroughly discredited. He admitted that he had changed his testimony from the statements he had previously made to appellant's counsel, and made a different statement to the prosecuting attorney, for the reason that he had "seen where it would be to my benefit to change my mind." But, even if proof of Busbee having had sexual intercourse with Lenora Gill would have had any tendency to affect his credibility, under the circumstances, there was no prejudice in excluding the witness' own statement of that fact, for the State had already proved by Lenora Gill herself that Busbee had had intercourse with her on the morning after the commission of the alleged crime by appellant. The State having proved that fact by its own witness, it was unnecessary to take up any further time in having the witness to narrate the event. We think therefore that the ruling of the court had no material bearing upon the trial of the issues, and did not constitute reversible error.

The court gave an instruction, over appellant's objection, submitting the issue as to guilt of the crime of assault with intent to rape. It is contended that this was error, as there was no testimony tending to establish a mere assault, the prosecuting witness having testified that the act of sexual intercourse was fully consummated. Even if it be conceded that there was no ground for reducing the degree of the offense, if the testimony of the girl was believed, still there was no prejudicial error in giving the instruction, for it was for appellant's own benefit, and enabled the jury to find him guilty of a lower degree instead of the higher degree. In order to find the defendant guilty, it was necessary, as the court instructed, to find that appellant had

assaulted the girl with intent to rape her, forcibly and against her will, and it must be assumed that the jury found those facts beyond a reasonable doubt in returning a verdict to that effect. If the testimony of the girl and other witnesses introduced by the State failed to convince the jury beyond a reasonable doubt that appellant was guilty, the verdict would not have been returned, and the fact that the jury, under this instruction, found for the lower offense of assault, operated to appellant's benefit, and he cannot complain.

It is insisted that the following instruction, given over appellant's objection, was erroneous:

"14. The court instructs the jury that, while the law requires the prosecuting witness should have offered such resistance as she might to prevent defendant from effecting his purpose, the extent of such resistance is to be determined by the situation of the parties at the time, the mature and immature age of the prosecuting witness at the time, and whether or not she was acting under the influence of fear."

The argument is that this instruction constituted one on the weight of the evidence. We cannot agree that such was the effect of the instruction. The court gave the following instructions on that subject at the request of appellant:

"10. You are instructed that a mere pretense at resistance by the said Lenora Gill is not sufficient, but that resistance upon her part must have been in good faith, and she must have used all the means within her power consistent with her safety, and, unless you find from the evidence that she used all the means within her power consistent with her safety, up to the time when the act of sexual intercourse was actually accomplished, if it was accomplished, it will be your duty to find the defendant not guilty."

"20. In the event that you should find that there was no outcry and that no complaint was made for some time after the alleged occurrence, you may take this into consideration as a circumstance as to whether the

alleged intercourse was had violently and against the will of Lenora Gill."

The instructions as a whole correctly submitted the issues to the jury.

Finding no error in the record, the judgment is affirmed.