## BEGLEY *v.* STATE.

Opinion delivered November 4, 1929.

*John G. Rye* and *Robert Bailey,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HART, C. J. Cecil Begley prosecutes this appeal to reverse a judgment of conviction against him for assault with intent to rape.

It is first earnestly insisted that the evidence is not legally sufficient to support the verdict. While the defendant took the stand in his own behalf and expressly denied that he had attempted to have intercourse with the prosecuting witness against her consent, and while he was corroborated in this respect by a male companion who was with him, yet, in testing the legal sufficiency of the evidence to support the verdict, we must view the evidence for the State in the light most favorable to it; and,

if that evidence is legally sufficient to support the verdict, we cannot disturb it on appeal. The reason is that the jury are the judges of the credibility of the witnesses, and have decided that question in favor of the State by returning a verdict of guilty. Hence we need only to refer to the evidence adduced in favor of the State.

Before doing this we will briefly state the principles of law governing cases of this sort, which have been repeatedly announced by this court. In order to warrant a conviction of assault with intent to rape, it must appear not only that defendant intended to have carnal knowledge of the girl alleged to have been assaulted, forcibly and against her will, but that he did some overt act towards the accomplishment of his purpose, which amounted in law to an assault upon her. An assault usually implies force by the assailant and resistance by the assailed. It is not necessary in such cases that the attempt by the assailant be persisted in to the utmost, but it is sufficient that it was actually begun, without reference to the reason which causes the assailant to desist. *Anderson* v. *State,* 77 Ark. 37, 90 S. W. 846; *Tyra* v. *State,* 120 Ark. 179, 179 S. W. 167; *Lockett* v. *State,* 136 Ark. 473, 207 S. W. 55; and *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9. In *Paxton* v. *State,* 108 Ark. 316, 157 S. W. 396, the court again said that subsequent yielding and consent does not mitigate or justify an assault with intent to commit rape.

Tested by this well-settled rule of law, we are of the opinion that the evidence is legally sufficient to support the verdict. According to the testimony of the prosecuting witness, she was sixteen years of age, and lived in Russellville, Arkansas, at the time of the alleged assault. She had only lived in Russellville for about three months, and prior to that time had lived in the country, in the northern part of the county. She first met the defendant, Cecil Begley, at her home, and had gone with him five or six times before the time of the alleged assault. She

went to a show with him one night, and he made improper proposals to her, which she rejected. She had never met Jewell Lewis before, and did not know whether he was married or single. Appellant, in a car belonging to Jewell Lewis, came to her house late one evening in May, 1929, and made a date to take her riding. They claimed that they were going to get another girl to go with them, but failed to do so. They drove south from Russellville on the public highway. Lewis drove the car, and the defendant and prosecuting witness sat on the back seat. After they got out into the country, Lewis stopped the car, and asked the defendant if he wanted to get out while he went on and turned the car around. Defendant then took hold of the prosecuting witness, and pulled her out of the car. He carried her to some bushes near the road, and attempted to forcibly have intercourse with her. She struggled, and finally got up. The defendant then struck her on the breast and knocked her down. He told her that he intended to have intercourse with her. He pulled her underclothes down, and got on top of her and attempted to have intercourse with her. She screamed, and pulled his hair, and he finally let her up. It is true that her testimony was considerably weakened on cross-examination, and that there were some inconsistencies in her testimony. She however adhered to the main fact under investigation, and that was that the defendant had actually attempted to have intercourse with her, forcibly and against her will, and that she had resisted him as much as she was able to. The jury may have thought that the inconsistencies in her testimony resulted from her youth, inexperience and ignorance, and they had a right to take into consideration all the attendant facts, and give her testimony such credence as they believed it entitled to. *Lockett* v. *State,* 136 Ark. 473, 207 S. W. 55; *Brock* v. *State,* 168 Ark. 302, 270 S. W. 98; *Lewis* v. *State,* 168 Ark. 509, 271 S. W. 708; *Franks* v. *State,* 168 Ark. 932, 272 S. W. 648; and *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9.

It is next insisted that the court erred in allowing the prosecuting attorney to ask leading questions to the prosecuting witness. In cases of this sort a wide discretion is allowed the trial court in the conduct of the examination of the prosecuting witness, where she is a young girl, inexperienced in the ways of the world, and appears to be embarrassed. *Wallace* v. *State,* 177 Ark. 892, 9 S. W. (2d) 21.

Other assignments of error are made on the ground of the giving of instructions by the court at the request of the State, and the refusal of others asked by the defendant. We do not deem it necessary to set out the instructions given and those refused. We have examined and considered them, and find that the instructions given conform to the rules of law settled by this court in the cases above cited, and many others that might be cited. The instructions requested by the defendant and refused, were covered by other instructions given at the request of the State, and of the defendant himself.

The defendant elected to cross-examine the prosecuting witness concerning prior acts to show immorality, and now complains that he was not allowed to introduce evidence in contradiction of his cross-examination of the prosecuting witness relative to these acts. While it was competent to impeach the credibility of the prosecuting witness on cross-examination by questioning her concerning particular instances of immorality on her part, the defendant was bound by her answers, and could not introduce witnesses to contradict her. *Lockett* v. *State,* 136 Ark. 473, 207 S. W. 55; and *Jordan* v. *State,* 165 Ark. 502, 265 S. W. 71.

It is also contended that the court committed reversible error in permitting the prosecuting attorney, in his opening statement, to say that there was an assault upon the prosecuting witness on the same night by Lewis, when he did not attempt to show that there was a conspiracy between Lewis and the defendant to assault the prosecuting witness. The court did not permit any tes-

timony to go to the jury on this point, except that of a witness who testified that her husband and herself picked up the girl on the highway, when they saw her fall out of the car. Blood was streaming out of her jaw, and she had blood all over her. The undisputed evidence shows that Lewis went out riding with the prosecuting witness after the defendant got out of the car, and, while riding with her, she either fell or was knocked out of the car by Lewis, and was picked up by the witnesses and carried home. This testimony was admissible as part of the transaction. The prosecuting witness, a young girl sixteen years of age, had gone riding with the defendant and Lewis, and was picked up by other parties after she had fallen or been knocked out of the car in which she was riding with Lewis, before she returned home. This testimony could not, in any event, result in prejudice to the defendant, because marks of violence were on the body of the prosecuting witness, and it was not claimed by the State that they were caused by blows inflicted by the defendant. On the other hand, it was shown by the State that they were inflicted by Lewis after he had left the defendant. Under these circumstances no prejudicial error was committed by the court in the respect now complained of.

We have carefully examined the record, and find no prejudicial error in it. Therefore the judgment will be affirmed.