## FOSTER v. THE STATE.

1. CRIMINAL EVIDENCE: *Witness: Co-defendant, not on trial: Statute construed.*

   The act of 1885, making a defendant on trial for a criminal offense, a competent witness for himself, does not authorize his co-defendant in the same indictment, but not on trial, to testify for him.

2. SAME: *Statement of accomplice.*

   The statement of one accomplice, in the absence of another, after the termination of the criminal enterprise, is not evidence against the latter, though it be in the nature of a confession of the crime.

3. NEW TRIAL: *Newly discovered evidence.*

   Newly discovered evidence that goes only to the impeachment of a witness, is no ground for a new trial.

APPEAL from *Baxter* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*J. L. Abernethy* for Appellant.

1. The court erred in admitting testimony to show the confessions of John Morris, a co-defendant, against appellant, after the crime was committed. *1 Bish. Cr. Pro., Secs. 1019, a, and 1248; 2 Ib., Secs. 229–30.* Even if a conspiracy had been shown, the confession made after the transaction was not admissible in a separate trial. Authorities *supra; 32 Ark., 220; 37 Id., 67.*

2. The evidence of appellant's co-defendants in his behalf was competent. *Acts 1885, p. 126; Collins v. People, sup.: Const. Illinois, May 14, 1881; The Reporter, Vol. 12, p. 204.*

3. A new trial should have been granted for newly discovered evidence. *Campbell v. State, 38 Ark., 498,* is not applicable, as the newly discovered evidence would not only have impeached the prosecuting witness, but would have shown defendant's innocence.

*D. W. Jones,* Attorney General, for Appellee.

Appellant not prejudiced by the testimony of Stephens, as he testified to the same effect. The act permitting the accused to testify (*Acts 1885, 126,*) does not extend to parties jointly indicted. The rule in *17 Ark., 330,* has not been changed. *1 Arch., 476; 1 Bish. Cr. Pro., Sec. 1020; 20 Ark., 36.*

Newly discovered evidence, tending only to impeach a witness, is no ground for new trial. *36 Ark., 260.*

COCKRILL, C. J. Foster, Morris and Fox, were jointly indicted for robbery. They elected to be tried separately, and Foster, being first put upon trial, offered his co-defendants as witnesses in his behalf. They were rejected by the court on the ground of incompetency. Foster was convicted, and assigns this ruling of the court as error.

1. CRIMINAL EVIDENCE:— Witness: Co-defendant not on trial.

At common law, the parties to the record, whether in civil or criminal cases, are excluded from testifying, by an inflexible rule of evidence. In civil actions, the disqualification has long been removed, and in the present year an act was passed making a defendant on trial for a criminal offense a competent witness in his own behalf. *Acts 1885, p. 126.* It is contended that this act has removed the disability of all parties to the record, and renders them competent to testify for each other.

The act does not do this expressly. *State v. Dee, 14 Minn., 35; People v. Reagle, 60 Barb., 527, 547.* Its terms apply only to persons charged with crime, who are on trial, and if it authorizes any such person to do more than testify in his own behalf, it must be because the statute has removed the reason of the former rule, and thus let the co-defendant in to testify under the maxim, *cessante ratione cessat lex.*

It was ruled by this court in *Moss v. State., 17 Ark, 327,* that one of several parties to an indictment could not be a witness for the others while he remained a party to the proceedings, whether they were tried jointly or separately; and the rule has been strictly adhered to ever since. If the only reason for the exclusion of the defendant was his interest in the result, that is, that in testifying for his fellow-defendant he would in fact be testifying for himself, there would be no reason for excluding him from giving testimony indirectly for himself, when he is permitted to testify directly in his own behalf. But his exclusion was not founded solely on the consideration of interest, but in part, in the general expediency of avoiding the multiplication of the temptations to perjury. It is said to be against public policy to permit partners in crime to make testimony for each other, and thus evade the ends of justice. *1 Greenl. Ev., Sec. 329; State v. Nash, 10 Iowa, 81; Comm. v. Marsh, 10 Pick., 57; State v. Young, 39 N. H., 283; Henderson v. State, 70 Ala., 23.*

Indeed, it can hardly be said that interest was the true ground of exclusion of a co-defendant tried separately. If indicted separately he was a competent witness for another charged with the same offense. *McKenzie v. State, 24 Ark., 636.* When indicted jointly, but tried separately, he was not a party to the issue with the others; their separate trials could have no influence on his own case, and the record could not be used either for or against him unless in exceptional cases. The interest he had in freeing his fellow-defendant, though he might

reasonably hope that this would qualify the latter to testify for him, could not be called a legal interest. It seems more appropriate to regard the common law ground of exclusion in such cases to be that of public policy. *State v. Nash,' sup; Poteete v. State, 9 Baxter, 261.* In the light of experience, under modern legislation on this subject, this may be regarded as a mistaken idea of public policy, but that is an argument to be addressed to the legislative department. The courts cannot change the law for that reason.

*Mr. Wharton*, in his work on *Criminal Evidence, Section 437*, speaking of such statutes as ours, says: "Husband and wife cannot, under the statutes, when not specially included, be called as witnesses for each other, except in the usual case of violence. They are excluded on grounds of public policy, and the statutes do not touch this question when they only relieve from the exclusion attached to parties." The exclusion of husband and wife, as is well understood, is founded partly on the identity of their legal rights and interests, and partly on principles of public policy. *1 Greenl. Ev., Sec. 334.* It is true the policy that excludes husband and wife is a social policy, not identical with that which excludes a co-defendant as a witness, but the principle applies the same in its application to the construction of the statute.

But it is, perhaps, immaterial what reason was originally given for the disqualification of co-defendants. The rule, together with substantially the common law practice under it, has received the sanction of the written law, and no reason need be given to sustain legislative action. *Section 2275, Mansf. Dig.,* which is taken from the code of criminal procedure, is as follows: "Where two or more persons are included in the same indictment, and the court is of opinion that the evidence in regard to a particular individual is not sufficient to put him on his defense, it must, on motion of either party desiring to use such defendant as a witness, order him to be discharged from the indictment,

and permit him to be examined by the party so moving." This, by strong implication, negatives the idea that one co-defendant can be a witness for the others.

Counsel for the appellant has not cited us to any case in point to sustain his position. The case of *Collins v. People, 98 Ill., 584,* relied upon by him, is based upon a statute which renders all parties to the record competent witnesses in criminal cases. The case of *State v. Gigher, 23 Iowa, 318,* is of the same class.

A statute in Missouri qualifies defendants in criminal cases to testify in their own behalf, (*see Acts 1877, p. 536,*) but the supreme court of that state has held that the rule forbidding co-defendants to testify for each other was not abrogated by it. *State v. Martin, 74 Mo., 547.*

The act of the legislature now under consideration is almost identical with that of New York, passed in 1869. In 1876 the legislature of that state passed an act making co-defendants in criminal cases competent witnesses for each other. Two persons were indicted before, but were tried after, the passage of the act of 1876. The trial court refused to permit one of the defendants to testify for the other, but the court of appeals held that *the latter act changed the rule of evidence,* and that the accused was entitled to the benefit of it. *People v. Dowling, 84 N. Y., 478, 484.*

We think the court did right to follow the established practice and exclude the co-defendants offered as witnesses.

2. SAME:—
Statement of
accomplice.

Statements made by Morris after the robbery, and in the absence of the appellant, were admitted in evidence by the court at the instance of the state, and this is urged as error. The evidence should have been excluded even if it had been in the nature of a confession, of the crime. *Rowland v. State, ante; Polk v. State, ante.* But substantially the same fact was testi-

fied to by the defendant himself, and the declarations of Morris were not as to a fact that tended, if true, to prove or disprove the robbery, and the appellant was not prejudiced by the evidence.

Newly discovered evidence, that goes only to the impeachment of a witness, is no ground for a new trial. *Campbell v. State, 38 Ark., 498.* · There was nothing else in the newly discovered testimony offered by the appellant.

<div style="float:right">3. NEW TRIAL: Newly discovered evidence.</div>

This disposes of all the questions raised by the record. Finding no error, the judgment is affirmed.