HAMBY v. STATE.

Opinion delivered October 22, 1904.

APPEAL―HARMLESS ERRORS.―Where in a murder case the uncontradicted proof showed that defendant was guilty of murder in the second degree, and he received the lowest punishment for that offense, he could not have been prejudiced by erroneous rulings of the court.

Appeal from Yell Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

Appellant was indicted for murder in the first degree, and convicted of murder in the second. Without setting out the facts at large, it is sufficient to say that the alleged errors relied upon to secure a reversal consist of errors in giving and refusing instructions, in permitting improper testimony to be introduced, and in permitting the prosecuting attorney and his associated counsel to indulge in an improper line of argument. The facts sufficiently appear in the opinion. Affirmed.

*Bullock & Davis,* and *Hill & Brizzolara,* for appellant.

To constitute the act of defendant either murder or manslaughter, it must appear that said act was the proximate cause of the death. 1 Wh. Cr. Law, § § 153, 520; 9 Am. & Eng. Enc. Law, 533-4; Kerr, Homicide, 34; Wharton, Homicide, § § 12, 358, 628, 641; Bish. Cr. Law, § 639; Clark's Cr. Law, 154; 6 Cal. 208; 4 Tex. App. 545. The evidence leaves this question in doubt, and defendant was entitled to acquittal. 7 Gray, 586. Where the circumstances are consistent with the theory of death from natural causes, there is a failure of proof. 38 Neb. 375; 56 N. W. 1024; 26 Tex. App. 545; 51 N. W. 821; 16 Tex. App. 560; 19 *Id.* 79; 3 Rice, Cr. Ev. § 117; 27 Ark. 493.

*George W. Murphy, Attorney General,* for State.

Wood, J. The testimony of experts introduced on behalf of appellant tended to show that deceased's death was not caused by the blows received at the hands of appellant, but was the result of opiate poison of some kind. The testimony on behalf of the State tended to show that deceased was killed by the blows of appellant. The question as to how deceased came to his death was fairly submitted to the jury upon the proper instructions, and the jury was fully warranted in its conclusion that appellant killed deceased. The uncontradicted proof on behalf of the State, and also the testimony of appellant himself, shows that the defendant was guilty of murder in the second degree. He received the lowest punishment for this offense, and therefore could not have been prejudiced by any of the rulings of which he here complains, even if they were erroneous.

Affirm.