## SMITH v. STATE.

### Opinion delivered May 17, 1909.

1. EVIDENCE—HEARSAY.—A witness may be permitted to state that the prosecuting witness pointed out to him the place where a crime was committed and that such place is within the county of the venue. (Page 437.)

2. CRIMINAL LAW—VENUE—SUFFICIENCY OF PROOF.—The venue was sufficiently proved in a prosecution for carnal abuse where the prosecu-

trix testified that she pointed out to her brother the house in which the crime was committed, and the brother testified that such house was situated in the county of the venue. (Page 437.)

3.  NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence which goes only to the impeachment of a witness is not ground for a new trial. (Page 438.)

4.  CARNAL ABUSE—DEFENSE.—In a prosecution for carnal abuse it is no defense that the prosecutrix had had intercourse with another before accused had intercourse with her. (Page 438).

Appeal from Jackson Circuit Court; *Charles Coffin,* Judge: affirmed.

*Stuckey & Stuckey,* for appellant.

1.  The venue is not proved. The brother's testimony was hearsay merely and incompetent. 8 Ark. 406; *Id.* 455; 6 Wall. (U. S.) 396.

2.  No crime was committed unless the prosecuting witness was under 16 years of age. Kirby's Dig. § 2008. Of this there is no sufficient proof.

3.  The verdict should have been set aside. The after discovered evidence that the witness had given birth to a child would have been admissible both as affecting her credit and as tending to prove that she was over 16 years of age.

*Hal. L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1.  The material part of the brother's testimony was not that the prosecuting witness showed him the house, but that it was in Jackson County. It was correctly admitted. 4 Wigmore on Ev. § 1791; 86 Ark. 36. The trial court's reason assigned for admitting testimony cannot be called into question. 2 Ark. 575.

2.  The fact that the girl gave birth to a child, if a fact, would not affect appellant's case, if she was under 16 years of age at the time the crime was committed, and that question is settled by the verdict of the jury. It would be merely cumulative as tending to show she was over 16 years of age and affecting her credibility, and no ground for new trial. 72 Ark. 404.

McCULLOCH, C. J. The grand jury of Jackson County returned an indictment against the defendant, charging him with

having carnally known Ola Taylor, a girl under the age of 16 years, in that county. He was tried before a jury and convicted, and appeals to this court.

The prosecuting witness testified that she met the defendant and a man named Starnes in Newport on the night of July 18, 1908, and that they conducted her to a certain house in that city which is shown by other witnesses to be a bawdy house. An officer arrested them at that place, but afterwards released them on deposit of a sum of money in lieu of bail. She testified that the defendant and Starnes then carried her across the river in a boat, and thence to a certain unoccupied house, where she said the defendant had sexual intercourse with her. There was evidence sufficient to justify a finding that at that time she was under the age of 16 years.

She stated further that subsequently she carried her brother, John Taylor, to the house and showed it to him. John Taylor testified that the house in question was situated in Jackson County. This is the only testimony tending to prove the venue; and counsel for defendant insist that the testimony of John Taylor was inadmissible. Taylor testified that his sister showed him the house, and that he knew it to be in Jackson County. It is argued that this is hearsay testimony, and that it should not have been admitted.

It was competent to prove by the prosecuting witness that she pointed out the house to her brother, and then to establish the venue by proving by the brother the location of the house shown to him. The testimony of the two witnesses in this way proved the venue. It was competent to identify the house by the testimony of the prosecuting witness, and then to prove its location by the brother, John Taylor. This was not hearsay testimony. *Arkansas & La. Ry. Co.* v. *Sanders,* 81 Ark. 604. Of course, the witness John Taylor should not have been permitted to prove the venue by testifying that his sister told him it was the place; and we do not understand that the court meant this by allowing him to testify that his sister had pointed it out to him. He made this statement merely as a means of identifying the house which his sister had shown him. Proof of the fact that it was the house in which the crime is alleged to have been

committed was dependent upon the testimony of the prosecuting witness herself, and it was competent for that purpose.

Another one of the grounds assigned for new trial is that of newly discovered evidence. The defendant filed his affidavit in support of this ground, alleging that since the trial he had learned that the prosecuting witness had been delivered of a fully developed child, on the first day of January, 1909, which, according to the ordinary period of gestation, carried the date of conception back beyond the date of the commission of the alleged offense. He stated in his affidavit that he had heard rumors of the birth of the child before the trial, but that he had not learned of it positively until after the trial. No other affidavits in support of this ground for new trial were filed.

This showing was for several reasons not sufficient to entitle the defendant to a new trial. In the first place, the newly discovered evidence tended merely as an impeachment of the prosecuting witness, and this afforded no ground for new trial. *Foster* v. *State*, 45 Ark. 328. If it was true that the prosecuting witness, prior to the commission of the alleged crime, had had sexual intercourse with some one, it did not affect the question of the guilt or innocence of the defendant. The prosecuting witness testified that she had never had sexual intercourse with any man before that time, and this testimony, if adduced at the trial, would have only been considered an impeachment of her testimony by contradiction.

In the next place, the motion for new trial on this ground was properly overruled because the defendant did not offer affidavits in support of it. His own affidavit merely tended to establish that he had heard of the existence of such evidence; but he filed no affidavits tending to prove that Ola Taylor had given birth to a child.

The principal controversy as to the facts of this case arose concerning the age of the prosecuting witness. There was a sharp conflict in the testimony on this point, and it is difficult to ascertain where the preponderance lies. The jury have, however, settled this conflict against the defendant, and it is a matter of no concern, in the present state of the case, as to the side on which the weight of the evidence lies. The defendant did not take the witness stand himself, and the evidence of the prosecut-

ing witness as to the act of sexual intercourse is uncontradicted. The undisputed evidence is that the defendant and a man named Henry Starnes took the girl to a bawdy house in the city of Newport, and, when expelled from that place by an officer of the law, they carried her to a deserted cabin, and there, according to her statements, either forced or persuaded her to yield to his embraces. Under those circumstances, the defendant richly merits the punishment which the jury gave him, and the verdict is abundantly sustained by the evidence.

Judgment affirmed.