## WALKER v. STATE.

### Opinion delivered October 4, 1909.

1. CONTINUANCES—DISCRETION OF COURT.—Continuances are largely in the discretion of the court, and that discretion will not be controlled unless there is a manifest abuse of it. (Page 501.)

2. SAME—WHEN DISCRETION OF COURT NOT ABUSED.—An application for continuance in a criminal case upon the ground that the applicant was confined in jail, and that on account of the sickness of his attorney he was unable to prepare his defense, was properly denied when he failed to show wherein he was unable to prepare his defense. (Page 501.)

3. HOMICIDE—CURING ERROR BY REDUCTION OF PUNISHMENT.—Where the trial court in a murder case arbitrarily refused to grant a change of

venue asked by defendant upon the ground that the court knew that defendant could get a fair trial in the county, and the defendant was convicted of murder in the second degree and sentenced for twenty-one years upon undisputed testimony showing that he was guilty of that degree of murder, whatever prejudice there was in the refusal to grant a change of venue will be removed by giving defendant the lowest punishment for murder in the second degree. (Page 501.)

4. SAME—QUOTIENT VERDICT—WHEN ERROR CURED.—Where the jury in a murder case, having fixed the degree of punishment, determined the number of years of punishment by lot, the error may be cured by remitting so much of the punishment as exceeds the minimum punishment fixed by law. (Page 502.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed with modification.

*Thomas & Lee,* for appellant.

1. Under the conditions shown in this case, and the positive proof of the defendant's sickness prior to and at the time of the trial, the consequent inability to prepare for trial and the danger to his health, it was manifest abuse of discretion to deny his motion for a continuance and to force him into trial. 9 Cyc. 188; *Id.* 96; 71 Ga. 481; 38 Ga. 50; 29 Ga. 271; 80 Ill. 236; 78 Ill. 212; 100 Ky. 194; 34 La. Ann. 100; 1 Bay (S. C.) 1; 53 S. W. 623; 14 Tex. App. 129; 14 Cent. Dig. Tit. "Criminal Law," § 1316; 3 Am. & Eng. Enc. of Law, 813; 60 Ark. 564; 78 Ark. 228; 85 Ga. 281; 32 Ga. 443; 88 Mo. App. 50.

2. Appellant's motion for a change of venue was in due form as prescribed by law. The court erred in overruling it without hearing evidence touching the credibility of the supporting witnesses. 25 Ark. 445; 54 Ark. 243; 68 Ark. 476; Kirby's Dig. § 2318; 85 Ark. 536; 83 Ark. 36; 76 Ark. 279.

3. The verdict was by lot, which is a ground for new trial; and the affidavit of jurors was proper to show that it was decided by lot. Kirby's Dig., § 2422, subdiv. 3; 24 Am. Rep. 808 and note; Thompson on Trials § 2602; 59 Ark. 132.

4. It was error to refuse an instruction to the effect that if the evidence raised a reasonable doubt as to whether at the time of the shooting the defendant was under reasonable apprehension that deceased intended to inflict upon him great bodily harm and that he fired in self-defense, the jury should acquit.

Sackett on Instructions to Juries, 472; 74 Ill. 230. To justify a conviction in a criminal case, the evidence of guilt must be clear, abiding, and fully satisfying the minds and conscience of the jury. Strong suspicion, or strong probability even, of guilt is not sufficient. 45 Ark. 544.

5. The evidence of Oliver Stevens as to matters about which deceased and the wife of defendant were talking, in absence of the latter, was incompetent. 75 Ark. 218.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. From the time the indictment was returned to the time of the trial, there was ample opportunity for defendant to prepare for trial. His present counsel had been employed in his defense since the first week of the term. Sickness of one member of the firm, and engagement of the other member on business in another court, was not a sufficient showing for a contiuance. 9 Cyc. 171 and cases cited; *Id.* 172 and cases cited; 99 Ga. 446. The court heard the testimony as to the condition of appellant's health. While there was some conflict, it cannot be said that there was any abuse of discretion in his decision that defendant was physically able to stand trial. The court was the proper judge of this testimony. 71 Ark. 62; 70 Ark. 364; 40 Ark. 114.

2. There was no sufficient notice of the intention to apply for a change of venue. Kirby's Dig. § 2318.

3. We confess error as to the verdict, in this: the defendant's punishment was decided by lot. But the jury fairly arrived at their verdict as to the degree of the crime. The punishment should be reduced to five years' imprisonment, and the judgment modified accordingly and affirmed. 66 Ark. 270.

HART, J. Joe Walker was indicted by the grand jury of Monroe County for the crime of murder in the first degree. He was tried before a jury, and found guilty of murder in the second degree, his punishment being assessed at a term of 17 years in the State penitentiary. He has duly prosecuted an appeal to this court.

On the 20th day of April, 1909, the defendant, Joe Walker, shot and killed Tom Walker in Monroe County, Arkansas. The weapon used was a shotgun, loaded with No. 2 buckshot. About

a week before the killing occurred, the defendant had some hard words with his wife in regard to his correcting her son, Oliver Stephens. On account of their trouble about her boy, who was ten years old, the defendant's wife moved away from his house. The deceased and Joel Stephens at her request assisted her in moving. On the morning of the killing, the defendant went to the place in the neighborhood where his wife had removed to visit her. When he went in, he heard Tom Walker say to her that she need not be afraid of anybody. He spoke to them both. Tom Walker then went out on the fence, and sat there awhile. He then stepped back and sat down on a log in front of the house. While in the house he was told that Tom Walker was going to kill him. The defendant stayed in the house about one and one-half hours. The facts in regard to the killing as testified to by the defendant are as follows:

"I picked up my gun, told the chaps goodbye, kissed her and the chaps, too: told her I wanted her to come back home; walked out of the house on the steps; turned short off to go just like I come; didn't want any trouble with Tom or any one else. Tom said, 'Come here, Joe; I want to see you a minute.' I said, 'All right.' Of course I didn't know but what he wanted to apologize to me for the way he had treated me; started on out there; started to set down on the log with him, and he said, 'You needn't bring your God d—n gun here, you God d—n son of a bitch.' He got up; probably he made a step or so coming toward me with his knife in his hand. 'You God d—n son of a bitch, I ain't afraid of you.' I just put my gun up that way and fired; didn't put it to my shoulder. When I fired, he fell back over the log, turned on his left side. I looked at him; didn't know where it hit him; thought he was going to get up. He turned over. I went back the way I come. Went to where Bob Connell was in the field; told him what had occurred; didn't go home at all. Then went to the sheriff and surrendered."

Defendant further testified that Tom Walker was about 10 feet away when he was shot. That he raised up off the log, made one step forward in a stooping position, and then the gun was fired and blew him back over the log.

The defendant's stepson, Oliver Stephens, was the only other person who saw the killing. He was a witness for the

State, and detailed the circumstances leading up to the killing substantially the same as the defendant. He testified that Tom Walker was sitting on the log whittling when he was shot, and then fell over the log backwards.

Counsel for defendant first assigns as error the refusal of the court to grant their motion for a continuance. It is well settled that continuances are largely ·in the discretion of the court, and that discretion will not be controlled unless there is manifest abuse of it. *Rucker* v. *State,* 77 Ark. 23; *Puckett* v. *State,* 71 Ark. 62, and cases cited.

The motion for a continuance in this case sets up that the killing occurred on the 24th day of April, 1909; that the defendant immediately surrendered himself into custody, and was placed in jail, where he remained until the date of trial; that the circuit court convened on the 24th day of April, 1909; that he was indicted for murder in the first degree, and on the 12th day of May, 1909, the case was set for trial on May 26, 1909; that since the killing the defendant has been confined in jail, and has been sick most of the time; that during a part of the time one of his attorneys has been sick, and the others are occupied with business engagements made prior to their employment in this case; that on this account proper preparation for the defense could not be made.

Testimony was introduced and heard by the court in support of his motion, and by the State to controvert the testimony in regard to defendant's sickness. It was not shown in what manner defendant was not able to prepare his defense. It is not shown that he failed to procure or name to his counsel any witness whose testimony was material to the defense. Only one eyewitness saw the killing, and he testified at the trial. The defendant testified in his own behalf, and admitted the killing. It is not shown that he was deprived of any evidence which might possibly have secured him an acquittal, and we can not say the court abused its discretion in not granting his motion for a continuance.

Counsel for defendant next insist that the court erred in not granting their motion for a change of venue. They contend that the court arbitrarily refused to grant the motion, upon proper application therefor, and that the refusal falls within the rule announced in *Ward* v. *State,* 68 Ark. 466, and other cases in

this court, where it is held that it is error arbitrarily to refuse to grant a change of venue asked by the defendant upon the ground that the court knows that defendant can get a fair and impartial trial in the county.

No prejudice could have resulted to the defendant from the refusal of the court to grant his motion for a change of venue; for, according to the undisputed testimony in the case, which is above abstracted, he was guilty of murder in the second degree. See *Duncan* v. *State,* 49 Ark. 550. As the judgment will be modified to the extent of giving him the lowest punishment therefor for the reason hereinafter given, no prejudice resulted to him. *Jones* v. *State,* 88 Ark. 579; *Warren* v. *State,* 88 Ark. 322; *Hamby* v. *State,* 72 Ark. 623.

Counsel for defendant complains that the court erred in not giving certain instructions asked by them on the subject of reasonable doubt and the appearance of danger. It is not necessary to set out these instructions or to discuss them for these questions were fully covered by other instructions given by the court.

Counsel for defendant also complains that Oliver Stephens was permitted to detail a conversation had between the deceased and the wife of the defendant in the absence of the defendant. An examination of the record does not bear out their contention, but expressly shows that he was not permitted to detail the conversation, but only to state that on the morning of the killing the deceased came to where his mother was staying to see her about a rent note.

The record shows that the jury found the defendant guilty of murder in the second degree, but that they decided his term of imprisonment by lot. The Attorney General confesses that this was error, but urges that this did not affect the finding of the jury that the defendant was guilty of murder in the second degree, and furnishes no reason why the verdict in that respect should be set aside. The Attorney General asks that the precedent made in the case of *Williams* v. *State,* 66 Ark. 264, a precisely similar case, be followed, and that the sentence be remitted to 5 years, the lowest punishment for murder in the second degree. Because the defendant might have been prejudiced by this method of arriving at the term of imprisonment, this will be done.

It is therefore ordered that the judgment be modified, so as to allow the sentence to stand for 5 years' imprisonment only, and that the judgment so modified be affirmed.