TYRA *v.* STATE.

Opinion delivered September 27, 1915.

RAPE—ASSAULT WITH INTENT—ACTS OF PREPARATION.—The crime of assault with intent to rape is not committed unless some act is done which is the beginning of the attempt to have sexual intercourse forcibly with, and against the will of the assaulted female.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*J. Bracy Gulley,* for appellant.

1. It was not enough to warrant the conviction of appellant for assault with intent to rape if he only did some unlawful act in making preparation to commit the crime, and did nothing more in the actual perpetration thereof. The court erred in refusing to instruct the jury to that effect. 77 Ark. 37.

2. The evidence is not sufficient to justify the inference that appellant used, or intended to use, sufficient force to ravish the prosecuting witness, or even intended to have sexual intercourse with her unless he could persuade, or, by fondling, induce her to consent. The element of force necessary to constitute the offense is lacking. *Supra;* 105 Ark. 218; 99 Ark. 558; 88 Ark. 91; 11 Ark. 389; 32 Ark. 704.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The evidence did not justify the giving of the instruction requested by appellant to the effect that he would not be guilty of the crime of assault to commit rape, if he only did some unlawful act in preparation to have intercourse with her, and did nothing more in the actual perpetration of the crime.

2.   The evidence is sufficient to sustain the verdict. 109 Ark. 135; *Id.* 138.

SMITH, J.   Appellant was convicted of the crime of assault with intent to rape, alleged to have been committed upon the person of one Bessie Holt, and he prosecutes this appeal to secure a reversal of the judgment pronounced against him.   He assigns as error calling for the reversal of the case the refusal of the court to give two instructions requested by him.   These instructions were to the effect that appellant could not be convicted of the crime of assault with intent to commit rape if the proof only showed that he did some act or acts which were mere preparations for indulging in sexual intercourse with the prosecuting witness, and did no act which was the beginning of the attempt to have carnal knowledge of the prosecuting witness forcibly and against her will.

It has been several times decided by this court that the crime of assault with intent to commit rape is not committed unless some act is done which is the beginning of the attempt to have sexual intercourse forcibly and against the will of the assaulted female.   It is not sufficient that there may have been acts of preparation made without the consent of the female, nor is the crime committed by evidence of solicitation merely.   The assailant must have done some act which is not merely one of preparation or solicitation, but is one which is intended to overcome the will of the female for the purpose of having sexual intercourse with her forcibly and against her will.   It is not necessary, however, that this attempt be persisted in to the uttermost, but it is sufficient if it was actually begun, without reference to the reason which causes the assailant to desist.   *Anderson* v. *State,* 77 Ark. 37; *Douglass* v. *State,* 105 Ark. 218; *Paul* v. *State,* 99 Ark. 558; *Williams* v. *State,* 88 Ark. 91.

Appellant now complains of the refusal of the trial court to give the instructions requested by him distinguishing between conduct which would merely constitute acts of preparation, and acts on his part which were

the beginning of an attempt to have carnal knowledge of the prosecuting witness forcibly and against her will.

We think the trial court's action was proper under the evidence in this case. The evidence was sharply conflicting, and it is impossible to reconcile it. According to the evidence upon the part of the State appellant had induced the prosecuting witness to accompany him to Little Rock under the representation that he could and would assist her in suppressing and settling a criminal prosecution which he told her had been or would be instituted against her. They spent the day in Little Rock, and he attempted to induce the girl to spend the night with him, but she declined to do so. They left Little Rock on a train departing at 7 o'clock, and walked from a flag station to the girl's home, arriving there some time after dark, and during a portion of this journey they traveled through the woods. The girl testified that appellant had a bottle of whiskey, from which he drank freely, and that he invited her to have a drink, but she declined. She testified that he had a knife which he exhibited after he had made demands upon her, and that he said, "You have got to do just as I say, or I will kill you right here," and that she thought he was going to cut her with this knife. A knife was found on this road, but appellant disclaimed its ownership. The girl further testified that appellant caught her around the shoulders while her arms were by her side, and pulled up her dress and tore her underclothes and tried to throw her down on the ground, and that all of this was done forcibly and against her will. That she cried and told appellant that she was engaged to be married and that she would accommodate him when she had married, whereupon he released her and told her that if she ever breathed a word of what had happened to any one he would kill her. On the contrary, appellant denied that he had even requested the girl to have sexual intercourse with him, and denied having placed his hands upon her, or having in any manner attempted to compel her to have intercourse with him. The State offered, in contradiction of appellant's evidence, proof of certain statements made by him in

which 'he said he had asked the girl to have intercourse with him, but that when she declined nothing more was said about it, and that he made no attempt to coerce her.

It appears, therefore, that the instructions were abstract. According to the evidence upon the part of the State appellant was guilty of the crime charged, while, according to his own evidence, he was not guilty, and there was no issue of fact which required the court to give the requested instructions. It is the purpose of the instructions on the part of the court to declare the law applicable to the issue of facts raised by the evidence, but the court should not give abstract instructions. The judgment of the court below will be affirmed.