SNETZER *v.* STATE.

Opinion delivered January 18, 1926.

1.  CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.—One accused of an assault with intent to rape was not entitled to a continuance for the absence of a witness who was likewise under indictment for participation in the same offense, which was set for trial on the same day, but who had not been subpoenaed as a witness on behalf of accused.

2.  RAPE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of an assault with intent to rape.

3.  RAPE—EVIDENCE.—In a prosecution for assault with intent to rape, the fact that the prosecutrix immediately after the alleged assault made complaint was admissible, but not the details of the complaint.

4.  RAPE—EVIDENCE.—In a prosecution for assault with intent to rape, evidence that the prosecutrix had a scratch on her face the day after the alleged assault, and that her side was so badly hurt that she consulted a doctor three or four days later, was competent.

5.  CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of a correct instruction was not error where its substance was fully covered by instructions given.

6.  CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE.—It was not error to deny a new trial for newly-discovered evidence which tended only to impeach the credibility of a witness.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Fred M. Pickens,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J.  Appellant and one Wayne Simmons were each indicted for an assault with intent to rape one Gale Ashley, a female, and at appellant's trial he was convicted, and has appealed.

The case against appellant and that against Simmons were set for trial on the same day, and that against appellant was first called for trial. Simmons was not present in the court, and appellant filed a motion for continuance on account of the absence of Simmons. In support of this motion the attorney representing Simmons was called, and he testified that he was present for the purpose of defending Simmons, and did not know why Simmons was absent, that Simmons had advised him that he would be present, and that he had no explanation of his absence. The motion recited what Simmons would testify, and this testimony was material, and would have been corroborative of that of appellant.

It appears that Simmons had not been subpoenaed as a witness. Appellant explains his failure to do this by saying that, inasmuch as Simmons was under indictment for the same offense, he assumed that Simmons would be present when his case was called for trial.

The facts stated are similar to those recited in the case of *Franklin* v. *State,* 149 Ark. 546, in which case we held that the refusal to grant a continuance did not call for the reversal of the judgment. It may be said of the absent witness here, as was said of the absent witness there, that he was not required to attend court except in his own case, and that, having failed to subpoena this witness, the defendant was in no position to complain of his absence. Simmons was called in his own case, and a forfeiture of his appearance bond was taken, and, as no explanation of his absence was offered, the trial judge stated, in overruling the motion for a continuance, that there was no assurance that the presence of Simmons could be had at that term or at the next term of court. It was therefore no abuse of discretion to overrule the motion.

It is assigned as error that the testimony is insufficient to support the verdict. Disposing of this assignment of error, it may be said that Gale Ashley, the female alleged to have been assaulted, testified that, at the end of a day's work at a cafe where she was employed, she had gone to her room in the home of a Mrs. Dague, with whom she boarded, and that about 8 P. M. Mrs. Dague came to her room and stated that there were two boys downstairs who wished to meet her and to take her for a ride in their automobile. Mrs. Dague assured her she had known the boys from childhood, and that they were "nice boys." The boys referred to were appellant and Simmons, and Miss Ashley went with them for a drive. She testified that, as soon as they drove away, the boys began to take liberties with her, against which she protested, and that she demanded that she be carried home, but this request was refused. Appellant kissed her, and then told her that was not all she was going to do. The car was driven into some woods, and Simmons seized hold of witness and began to press her shoulders back, and in the scuffle the door of the car was forced open. In unbuttoning his trousers appellant released his hold on wit-

ness, and she sprang from the car. Appellant grabbed at her as she jumped from the car and caught her foot, causing her to fall heavily to the ground, but, after falling, she sprang up and ran down the road, calling all the while for assistance. We think this testimony abundantly sufficient to sustain the charge.

Miss Ashley testified that she ran towards a house where she saw a light. This house was the home of Virgil Hutchinson, who testified that he heard a woman scream, and that when he opened the door Miss Ashley ran in and threw her arms around the shoulders of witness' wife and began crying. This witness testified that Miss Ashley was excited and unnerved, and could not talk for some minutes. The witness then stated that "when she (Miss Ashley) got to where she could talk I asked her her troubles, and she began to tell us who she was, and what had happened. She said some boys got her out and tried to————." The witness was here interrupted by the objection of counsel for appellant. The objection was sustained, and in sustaining it the court directed the jury "not to consider what she told the witness." No error was committed in the admission of the testimony which was admitted. *Skaggs* v. *State*, 88 Ark. 62; *Jackson* v. *State*, 92 Ark. 71; *Pleasant* v. *State*, 15 Ark. 624; *Bridger* v. *State*, 122 Ark. 391.

Over the objection of appellant, a witness was permitted to testify that she saw Miss Ashley on the day after the alleged assault, and that there was a scratch on Miss Ashley's face. Miss Ashley was also permitted to testify that her side was so badly hurt when she was assaulted that she consulted a physician three or four days later. No error was committed in admitting this testimony. *McDonald* v. *State*, 160 Ark. 185.

The refusal of the court to give an instruction numbered 4, requested by appellant, is assigned as error. It reads as follows: "You are instructed that, unless you find from the evidence beyond a reasonable doubt that the defendant committed some act which was the begin-

ning of the attempt to have sexual intercourse forcibly with and against the will of the prosecuting witness, then you cannot find the defendant guilty of assault with intent to commit rape."

This instruction is a correct declaration of the law as was declared by this court in the case of *Anderson* v. *State,* 77 Ark. 37. But the refusal of the court to give it was not prejudicial in this case, for two reasons. First, in an instruction which was given, the court charged the jury that it was essential to find that appellant had assaulted Miss Ashley with the intent to have carnal knowledge of her forcibly and against her will; and in another instruction that this intent must have existed "till the end of the assault"; and in another instruction that, when the assault was made, defendant "intended to use whatever force was necessary to overcome the prosecuting witness and have sexual intercourse with her"; and, in another instruction, that it must be found beyond a reasonable doubt that appellant assaulted Miss Ashley, and "that he did so with the intention of ravishing her, and that he intended to use so much force as would be necessary to accomplish that purpose and overcome her resistance;" and in still another instruction the jury was told that they must find not only that appellant assaulted Miss Ashley, but that he did so with the felonious intent of ravishing her forcibly and against her will. There were altogether six instructions which told the jury that there must have been an assault, and that the assault must have been made with the purpose of overcoming any resistance offered. Now, an assault is not a mere act of preparation, but is the beginning of the attempt. *Lockett* v. *State,* 136 Ark. 473; *Tyra* v. *State,* 120 Ark. 179; *Douglass* v. *State,* 105 Ark. 218; *Paul* v. *State,* 99 Ark. 558; *Williams* v. *State,* 88 Ark. 91.

These instructions required the jury to find that there was an assault, and that the assault was made with the intent to have carnal knowledge of Miss Ashley forcibly and against her will, so that the jury was in fact told

that there must have been some act "which was the beginning of the attempt" to have sexual intercourse forcibly and against the will of the prosecuting witness.

No error was committed in refusing to give instruction numbered 4 for the reason, second, that appellant admitted that he had placed his arm around Miss Ashley and "was loving her up", and that he kissed her and that she kissed him, but appellant testified that this was done with her consent. This, of course, was a question for the jury, and that fact was submitted under instructions correctly declaring the law, and to which no objections were offered.

It is finally insisted that error was committed in refusing to grant a new trial on account of newly-discovered evidence. This evidence was to the effect that Miss Ashley had stated that she would get money from appellant before the trial. As this testimony tended only to impeach the credibility of the witness, the court committed no error in refusing to grant a new trial on that account. *Morris* v. *State,* 145 Ark. 241.

No error appearing, the judgment is affirmed.