BOYETT *v.* STATE.

Crim. 3825

Opinion delivered January 16, 1933.

R. H. Peace, J. S. McKnight and C. L. Poole, for appellant.

Hal L. Norwood, Attorney General and Robert F. Smith, Assistant, for appellee.

BUTLER, J. From a conviction of the crime of assault with intent to rape this appeal is prosecuted. The only question presented is that of the sufficiency of the evidence to warrant the conviction of the crime charged. The evidence adduced by the State, briefly stated, is as follows:

The prosecuting witness, a young girl about fifteen years of age, was walking alone on a road leading from a place where she had been attending a singing school to her home. She was met by the defendant, a man about twenty-eight years old, to whom she spoke. After he had passed her, he returned in a short time, overtaking her,

and, over her protests and despite her resistance, forced her to go with him some distance from the road into the forest. He placed his hand over her mouth to prevent any outcry, and, after he had reached a spot in the woods, and after some struggle, he threw her upon the ground and exposed her person by pulling down her underclothing. He got down on his knees over her, but for some reason proceeded no further in the attempt to ravish her. During the time that he was taking her from the road to the forest, and while she was on the ground, he indulged in conversation, which the prosecuting witness repeated on the witness stand, and which the appellant urges negatives the contention of the State that it was the defendant's intention to ravish the girl. We do not think that this interpretation can be placed on the language used, and do not deem it necessary to state it here.

It is well settled that an assault with intent to rape is an effort to obtain sexual intercourse by force and against the will of the person assaulted, and the intent is to be ascertained from the commission of some act or acts at the time or during the progress of the assault. The force actually used need be of no specific degree or character, but comes within the meaning of the law if it is reasonably calculated to subdue and overcome; nor need it be persisted in until the assailant's design is accomplished; if the assault is actually begun and the intent can be inferred from the acts committed, the offense is complete, notwithstanding the fact that the assailant may, for some reason, relent and forbear from the consummation of his purpose. *Anderson* v. *State,* 77 Ark. 37, 90 S. W. 846; *Tyra* v. *State,* 120 Ark. 179, 179 S. W. 167; *Lockett* v. *State,* 136 Ark. 473, 207 S. W. 55; *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9; *Begley* v. *State,* 180 Ark. 267, 21 S. W. (2d) 172.

From the evidence we have related, it will be seen that it was of a substantive nature and brings the case within the rule announced, and warrants the jury in the verdict reached.

Judgment affirmed.