## Fugate v. Commonwealth.

(Decided June 1, 1934.)

J. P. HANEY and J. L. STIDHAM for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

Opinion of the Court by Drury, Commissioner—Reversing.

Cynthia Manns was shot and killed on August 2, 1933. An indictment was returned August 16th, charging Jim Fugate with her murder. He was put on trial August 29th, and the jury having failed to agree, it was discharged on September 4th, and immediately Fugate was again put upon trial, and this second trial resulted in his conviction and a sentence of death and he has appealed.

It is needless to recount the facts, as this judgment must be reversed for errors in which they play no part.

## Fatal Error.

It appears from the bill of exceptions "that this second trial was begun on September 4th, the defendant being then represented by Messrs South Strong and T. T. Cope, the same attorneys who had represented him upon the first trial and that late in the evening of the said 4th of September, the said Strong and Cope requested that they be released from representing the defendant and after the jury had been made up and accepted by the Commonwealth the Court asked one J. P. Haney, and James Stidham, attorneys at the bar, to represent and defend the defendant, Fugate, to which they agreed, upon the condition which they then and there announced to the court, that they be given ample time and opportunity to inquire into, and familiarize themselves with all the material and substantial facts and conditions surrounding the case, to which the court responded, 'Well.' That after a conversation with defendant, defendant and his counsel returned to the main court room and announced to the court that defendant would not be ready, or was not at the time, ready for trial and court adjourned until next morning.

"That upon the convening of court on the next morning at about 8:30 o'clock, and upon the re-calling of the case at or near that time, appellant, by counsel again announced to the court that the defendant was not ready for trial, and then and there requested of, and asked the court to grant them further time and opportunity to make investigation into the facts and nature of the case; and showing that there were witnesses whose presence and testimony was important material and vital to his defense, for whom the defend-

ant wished and asked the court that the State's compulsory Process be issued, and their presence and testimony be had. That at this stage of the procedure, the court, on his own motion and to defendant and his counsel, very unexpectedly, administered to the jury the following oath: 'You and each of you do solemnly swear that you will well and truly try the issue and a true verdict render in the case of the Commonwealth of Kentucky against James Fugate, defendant, so help you God,' and that the court, then and there, demanded and required of the attorney for the Commonwealth, to call his witnesses and proceed to a trial of the case, to all of which, defendant, by counsel, objected and excepted at the time.'' For this the judgment must be reversed.

By section 11 of our Constitution, one charged with crime is given the right to be heard by himself and counsel. By custom that has come to mean, it is the duty of the court to appoint counsel for an accused who is unable to employ counsel (Turner v. Commonwealth, 89 Ky. 78, 1 S. W. 475, 8 Ky. Law Rep. 350), and it is the duty of such appointed counsel to put forth his best efforts (Williams & Sanders v. Commonwealth, 110 S. W. 339, 33 Ky. Law Rep. 330), and of the court to give to counsel reasonable time and opportunity to acquaint himself with the facts, to confer with the accused, to learn what is his defense, and to prepare and present it (McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915). This is of special importance where the accused is represented by appointed counsel. Fuson v. Commonwealth, 199 Ky. 804, 251 S. W. 995; Jackson v. Commonwealth, 215 Ky. 800, 287 S. W. 17.

An opinion in which this question is elaborately discussed was recently delivered by the United States Supreme Court in a case that had aroused great interest. Powell v. State of Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527. See, also, Cass v. Com., 236 Ky. 462, 33 S. W. (2d) 332.

### Other Errors.

The court limited the argument to twenty-five minutes, which in view of the gravity of the charge and the volume of the evidence was too short a time. The court should have allowed more time under the circumstances and should have advised counsel in advance the time he would allow. See Mills v. Com., 240 Ky. 359, 42 S.

666

W.. (2d) 505; Sizemore v. Com., 240 Ky. 279, 42 S. W. (2d) ,328.

The court should have excluded the evidence of Elsie Collins that a portion of the body of Cynthia Manns was shot away and later was picked up as she said she did not see that done, hence all she knew about it was what some one told her.

Witnesses were in some instances improperly allowed to tell what they had said to others and what had been said to them by others when the defendant was not present; this is particularly true of R. L. Howard's testimony that Enoch Manns told him "Jim Fugate killed my wife."

This which is taken from cross-examination of the defendant was highly improper:

"Q. You heard your attorneys there enter a plea of guilty for you, didn't you? Was you present when they entered a plea of guilty for you this morning? A. I was here but I didn't know what they said when they were talking to you.

, "Q. When they made that statement to the court there, didn't you hear it? Didn't you know they were pleading guilty for you on this charge? A. No sir, I didn't.

"Q. You did hear them enter a plea of guilty for you here didn't you? A. Where was they when they entered it; I was sitting in the chair wasn't I?

"Q. Yes. A. They didn't speak it loud enough for me to hear it.

"By the Court: You didn't know what they were doing? A. No, I knew they were talking."

The conversations between Fugate's attorneys and the attorney for the commonwealth were in the nature of a compromise and should not have been admitted, neither should Fugate have been asked about it. See Bennett v. Com., 234 Ky. 333, 28 S. W. (2d) 24.

One of the defendant's grounds for reversal is a complaint of the instructions, but an examination of them does not disclose any fault in them except omission of words here and there which possibly were left out in copying them for this court. These missing words will be supplied on the next trial.

One of defendant's grounds for a new trial was that the attorney for the commonwealth in his closing address argued to the jury "that if the defendant was not guilty, why did he enter a plea of guilty." He did not make that a part of his bill of exceptions, hence that is not available as an error here, but upon the next trial the court will endeavor to avoid this and the other errors we have mentioned. Questions not decided are reserved.

Judgment reversed.

The whole court sitting.