Morgan v. State.

Crim. 3906

Opinion delivered November 12, 1934.

*Jeff Bratton,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. The appellant, Anthony Morgan, was indicted, tried and convicted of the crime of assault with intent to rape, and his punishment fixed at three years in the penitentiary. To reverse the judgment of conviction, he prosecutes this appeal.

His first contention is that the court erred in not granting him a postponement of the trial. He was indicted on the 15th day of May, 1934, and his trial was had on May 22, 1934.

The crime was alleged to have been committed on the 23d day of January, 1934, approximately four months before the trial. Appellant was immediately arrested, and waived a preliminary hearing. He had all that time to employ counsel, and he need not have waited until the indictment was returned before employing counsel. This court said: "We must repeat the settled rule that motions for continuance are addressed to

the sound discretion of the trial judge, and a refusal to grant such a motion is not ground for a new trial unless it clearly appears to have been an abuse of such discretion and manifestly operated as a denial of justice.'' *Hamilton* v. *State*, 62 Ark. 543, 36 S. W. 1054. Moreover, the motion to continue did not comply with the statute, and we think the court did not abuse its discretion in refusing a continuance.

It is next contended that the evidence is insufficient to justify the conviction. In testing the legal sufficiency of the evidence to support the verdict, we must view the evidence for the State in the light most favorable to it, and if that evidence is legally sufficient to support the verdict it cannot be disturbed on appeal. This court, in commenting on this rule, stated: ''The reason is that the jury are the judges of the credibility of the witnesses, and have decided that question in favor of the State by returning a verdict of guilty. Hence we need only to refer to the evidence adduced in favor of the State.'' *Begley* v. *State*, 180 Ark. 267, 21 S. W. (2d) 172.

The prosecuting witness, Lurleen Burks, a fourteen year old girl, and her twin sister, attended a party on the night of January 23, 1934, at the home of Boon McDonald, in Greene County, Arkansas. Kathleen Burks, the twin sister of the prosecuting witness, met Galen Hatcher at the party, and made a date with him to take her to her sister's home after the party. When the party broke up, Kathleen Burks got in Hatcher's car, and her sister got in the car with them. Kathleen Burks was seated next to Hatcher, and Lurleen was sitting on her right. As they started to drive off the appellant appeared and requested Hatcher to let him ride. Hatcher replied that it was all right with him if it was with the girls, whereupon Lurleen Burks objected to his going. The appellant said he was going to the corner and climbed into the car. The prosecuting witness testified that she then sat on her sister's lap, and that the appellant afterwards pulled her over into his lap. They then started toward the home of Lurleen's married sister, but turned off that road. When they got a half-mile or three-quarters be-

yond the home, he stopped and asked Lurleen to have intercourse with him, and she told him she would not. He said: "Yes, you will, too" and she again said she would not. About this time the prosecuting witness looked back and saw Vernon Drafton in the rumble seat, and he got out, came around and asked the appellant for his overcoat. Appellant gave Drafton his overcoat, and Drafton then got back into the rumble seat. Lurleen testified that the appellant had his clothes down, and got one of her bloomer legs off, and exposed his private parts, pulled her dress up, and had her down in the seat holding her, and that he really tried to have intercourse with her then. At this time the sister of the prosecuting witness got out and ran to Mr. Hopkins' house. Lurleen then got out of the car, and she and her sister walked to the home of her married sister about a half-a-mile, and did not see the boys any more that night. The testimony on the part of the State showed that appellant was wrestling with Lurleen, trying to push her down on the seat underneath him, and all the time Lurleen was trying to get him to quit and tried to push him off of her, but she could not. It appears from the evidence that he did not desist until the twin sister had gotten out of the car and gone to Mr. Hopkins' house, and then Lurleen was permitted to get out of the car and go, and her clothing was torn, and after the girls got out the boys drove away. The Hatcher boy was attempting the same thing with Kathleen that the appellant was with Lurleen.

The evidence on the part of the defendant goes to show that he did not use any force; but it also shows that, while he was trying to get her to have intercourse with him, he did not desist until the sister had gotten out of the car and gone to the Hopkins' house, and then they drove away. The appellant testified and said that it was not his car, but was Hatcher's car, and he got in with them to ride, and asked one of the girls to sit in his lap, admitted that he talked with her about having intercourse, admitted that Hatcher and the other girl left the car, and when Hatcher came back with the other girl she jerked loose from him and ran to the house, and Hatcher then told appellant to let Lurleen out of the

car, and they let her out and then turned the car and left.

Hatcher was put on the stand, but declined to answer questions because it would incriminate himself. It appears from the record that he is a co-defendant, that is, he was called a co-defendant, and is probably indicted in a separate indictment.

The evidence is not entirely satisfactory, but the jury may have concluded that he intended to have intercourse with her against her will, and desisted only because the twin sister escaped and appellant thought that other parties would be notified. At any rate, these were questions for the jury, and not for this court. This court has said: "The evidence is far from satisfying, but we cannot say that it is not legally sufficient to sustain the verdict. * * *." The jury has passed upon her evidence, and we cannot say it is not legally sufficient to support the verdict." *Gray* v. *State*, 125 Ark. 272, 188 S. W. 820. This court said in a very recent case: "It is well settled that an assault with intent to rape is an effort to obtain sexual intercourse by force and against the will of the person assaulted, and the intent is to be ascertained from the commission of some act or acts at the time or during the progress of the assault. The force actually used need be of no specific degree or character, but comes within the meaning of the law if it is reasonably calculated to subdue and overcome; nor need it be persisted in until the assailant's design is accomplished; if the assault is actually begun and the intent can be inferred from the acts committed, the offense is complete, notwithstanding the fact that the assailant may, for some reason, relent and forbear from the consummation of his purpose." *Boyett* v. *State*, 186 Ark. 815, 56 S. W. (2d) 182.

It is finally contended that the court erred in refusing to give instruction No. 1 requested by appellant. That instruction reads as follows: "You are instructed that force is the essence of the crime of rape, and that persuasion and solicitation coupled with caressing and attempting to force the will of the female to consent to the act of sexual intercourse is not sufficient to justify a verdict of guilty."

The court did not err in refusing to give this instruction. It not only singles out certain testimony, but it also tells the jury that persuasion and solicitation coupled with caressing and attempting to force the will of the female is not sufficient to justify a verdict of guilty. If he were attempting to force her will, it could not be said as a matter of law that this was not sufficient to justify the jury in finding that he intended to have intercourse with her against her will. Besides, the court gave instruction No. 4, which fully states the law to the jury. They are told in that instruction that they must find from the evidence beyond a reasonable doubt that the appellant feloniously, wilfully and with malice aforethought did assault Lurleen Burks, with the intent to carnally know her, forcibly and against her will.

It appears that the jury were fully instructed as to the law and as to the sufficiency of the evidence, of which the jury, and not this court, is the judge.

We find no error, and the judgment is affirmed.