PRIEST *v.* STATE.

4260                                    163 S. W. 2d 159

Opinion delivered June 8, 1942.

*Jno. R. Thompson,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J.   Appellant was convicted of the crime of assault with intent to rape and sentenced to three years imprisonment in the state penitentiary. The only question argued on this appeal is the sufficiency of the evidence to support the verdict and judgment against him.

The statute, § 3403 of Pope's Digest, defines rape as "the carnal knowledge of a female forcibly and against her will." Section 3407 provides: "Whoever shall feloniously wilfully, and with malice aforethought assault any person with intent to commit a rape, and his counsellors, aiders, and abettors, shall, on conviction thereof, be imprisoned in the penitentiary not less than three nor more than twenty-one years."

In *Begley* v. *State,* 180 Ark. 267, 21 S. W. 2d 172, it was said: "In order to warrant a conviction of assault with intent to rape, it must appear not only that defendant intended to have carnal knowledge of the girl alleged to have been assaulted, forcibly and against her will, but

that he did some overt act towards the accomplishment of his purpose, which amounted in law to an assault upon her. An assault usually implies force by the assailant and resistance by the assailed. It is not necessary that the attempt by the assailant be persisted in to the utmost, but it is sufficient that it was actually begun without reference to the reason which causes the assailant to desist." Citing cases. In *Paxton* v. *State,* 108 Ark. 316, 157 S. W. 396, the court said that subsequent yielding and consent do not mitigate or justify an assault with intent to commit rape. See, also, *Boyette* v. *State,* 186 Ark. 815, 56 S. W. 2d 182.

Applying the rule so aptly stated by the late Chief Justice HART, in the Begley case, *supra,* and by the late Judge BUTLER in the Boyette case, we think the evidence for the State in this case is sufficient. The prosecuting witness was a saleslady in Little Rock, but her parents lived at Opal, about 12 miles out of Beebe. On the night of October 25, 1941, after work hours, she took a train to Beebe, intending to spend the week-end with her parents. She arrived in Beebe about 11 p. m., where she had arranged to meet a girl friend and both were to go out to Opal on the bus. The girl friend did not show up, but she met appellant, with whom she was slightly acquainted, who asked her to let him take her home. She reluctantly accepted, and they started out highway 67 and turned on highway 64. After driving a short distance, appellant turned his car off on a dim road to a secluded spot, killed his motor, and attempted to have intercourse with her forcibly and against her will, forcibly in that he put his right arm around her and with his left he tried to put his hand under her dress while she was resisting his efforts both by word and act. As she wrestled with him, her arm came in contact with the door handle, the door was opened and she stepped out. He got out of the car on his side, went around to her and continued his efforts to accomplish his purpose. He caught hold of her, attempted to unbutton his trousers, attempted to kiss her, but she continued to frustrate his purpose. She cried out for help twice, and was heard by a witness in his

492

home not far away, but who thought nothing of it at the time. She had a box of clothing and a handbag in the rear seat of the car and she asked him to give them to her and she would catch the bus on home. He refused, pushed her back in the car, shut the door and drove away cursing because she refused him. A short time later he either knocked her in the head with some kind of instrument, or she attempted to jump from the running car and seriously injured herself. He picked her up, put her in the front seat, and took her to Dr. Abbington's hospital in Beebe. She had three bad gashes in her head, had bled profusely and was unconscious. She did not know how she got the blows on the head, but was very positive she did not jump out of the car.

We think the evidence amply sufficient to support the verdict and judgment, and that her sad experience should serve as a warning to other 19 year old virtuous girls, as she was, not to take a chance at late hours of the night by riding alone with a young man who is a mere acquaintance.

The facts in this case are quite similar to those in *Snetzer* v. *State*, 170 Ark. 175, 279 S. W. 9, where the evidence was held sufficient.

The judgment is accordingly affirmed.