THERMAN *v.* STATE.

4285                                     168 S. W. 2d 833

Opinion delivered March 1, 1943.

*Claude E. Love* and *Sam Goodkin,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

McFADDIN, J.   Appellant was convicted of robbery and sentenced to three years. The only contention urged

for reversal is that appellant's counsel did not have sufficient time to prepare the case. This contention will be overruled because (1) it was not made until seven days after the trial, and (2) there is nothing to show that the trial court abused its discretion. Here are the facts:

(1) Appellant was arrested on September 2, 1942, and confined to jail. Shortly after his arrest, appellant advised the court that Mr. Shackleford represented him; and on that occasion the case was set for trial for 10:00 a. m., September 28.

(2) When that day and hour arrived, the appellant, acting for himself, asked a continuance on account of the absence of his lawyer. The court appointed appellant's present counsel to represent him and postponed the trial until 1:00 p. m. of the same day; and the sheriff was instructed to secure for the defendant all of his witnesses.

(3) At 1:00 p. m. the attorneys for the defendant announced ready for trial. All of the witnesses desired by defendant were present in court throughout the trial.

(4) The court learned from Mr. Shackleford that he had not been employed by the defendant, that he had refused to represent the defendant, and had so advised the defendant many days before the case was called for trial.

(5) The defendant was tried and convicted on September 28. On October 5, 1942, he filed his amended motion for new trial, and there, for the first time, made the contention that the court had set the case for trial only three hours after the counsel had been appointed to defend him; and that if counsel had been allowed more time, they could have secured witnesses to impeach the State's witnesses.

Counsel for appellant claim that the trial court committed prejudicial error and abused its discretion in giving the appointed counsel such a short time in which to prepare the case; and they say: "The constitutional guaranty that the accused shall have the assistance of counsel is not a barren right, but one of inestimable value to him, and he should not be deprived of it by compelling

counsel to go to trial unprepared, on the spur of the moment, and without an opportunity of studying the case. If the accused is to have the assistance of counsel, counsel must have adequate time to prepare to render such assistance." They cite the following cases: *State* v. *Thompson,* 122 S. C. 407, 115 S. E. 326; *Fugate* v. *Commonwealth,* 254 Ky. 663, 72 S. W. 2d 47; *Ziegler* v. *State,* 95 Fla. 108, 116 So. 241; *People* v. *Street,* 253 Ill. 60, 186 N. E. 534.

Notwithstanding the excellent brief and persuasive argument of counsel for the appellant, this case must be affirmed. In 14 Am. Jur. 854, the rule is recognized that a person charged with a crime should have a fair and reasonable time to prepare his defense, and the rule is stated: "What constitutes a reasonable time is generally a question within the discretion of the court."

In 22 C. J. S., Criminal Law, § 478, p. 734, the rule is stated: "The determination of the time to prepare to be allowed to the accused and his counsel must be left largely to the discretion of the trial court to be determined from all the facts and circumstances in the case."

This rule is recognized in the annotation on this subject in 84 A. L. R. 544. A thorough review of the record fails to show any abuse of discretion by the trial court. The appellant was not tried until twenty-six days after he had been arrested. The day and hour of his trial was set many days in advance. He represented to the court that he had a lawyer, and then asked the court to continue the case on account of the absence of the lawyer. It developed that the lawyer had never agreed to represent him and would not do so.

Even if there had been filed a motion for continuance to give counsel time to prepare the case, still the determination of that motion would have been within the sound discretion of the trial court; and there are several cases in our own reports where, with facts somewhat similar to the case at bar, continuance was refused by the trial court and no error found by this court in such ruling. *Hamilton* v. *State,* 62 Ark. 543, 36 S. W. 1054; *Walker* v. *State,* 91 Ark. 497, 121 S. W. 925; *Taylor* v.

*State,* 72 Ark. 613, 82 S. W. 495; *Moore* v. *State,* 184 Ark. 682, 43 S. W. 2d 228; *Wilson* v. *State,* 188 Ark. 846, 68 S. W. 2d 100; *Morgan* v. *State,* 189 Ark. 981, 76 S. W. 2d 79.

The trial court, to protect the rights of the defendant, appointed experienced attorneys to represent him; and the sheriff's office secured all of the witnesses for the defendant. Then the attorneys appointed to represent the defendant announced ready for trial; they asked for no additional time; and they filed no motion for continuance after they were appointed. They were perfectly ready for trial; and seven days after the appellant's conviction, the only basis for saying that they were hurried into trial was an allegation that if more time had been allowed them, they could have secured witnesses who would have impeached the State's witnesses. If they had presented affidavits detailing what the impeaching witnesses would testify, even that procedure would not have been sufficient to secure a new trial on the ground of newly discovered evidence. The rule is recognized by many decisions of this court that a new trial will not be granted on the ground of newly discovered evidence where the only evidence so discovered is that which impeaches the State's witnesses. *Foster* v. *State,* 45 Ark. 328; *Smith* v. *State,* 90 Ark. 435, 119 S. W. 655; *Morris* v. *State,* 145 Ark. 241, 224 S. W. 724; *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9.

We have listed the four cases which the appellant has cited. They are clearly distinguishable from the case at bar: (1) *State* v. *Thompson, supra,* was from the Supreme Court of South Carolina. There a negro killed a white policeman one day, was arrested, arraigned, tried and convicted the next day, notwithstanding a statute requiring three days to intervene between indictment and trial. The trial court set aside the conviction and the supreme court agreed. We have no comparable facts in the case here. (2) *Fugate* v. *Commonwealth, supra,* was from the Supreme Court of Kentucky. There, attorneys asked time to get witnesses for the defendant, and the denial of the request was held to be error. In the case at bar all desired witnesses were subpoenaed and avail-

able and the attorneys did not ask for further time. (3) In *Ziegler* v. *State, supra,* there was a motion for continuance filed and overruled, and material witnesses subpoenaed were not present at the trial. Hence the defendant was given a new trial. None of these facts exist in the case at bar. (4) *People* v. *Street, supra,* is a case in which the court held against a contention like the one raised by the appellant here. So that case is no authority for the appellant's contention.

We recognize that under our constitution a person charged with a crime is given the right to be heard by himself and counsel; that it is the duty of the court to appoint counsel for him when he is unable to employ counsel; that it is the duty of such counsel to put forth best efforts to present the defendant's case; and that it is the duty of the court to give the counsel reasonable time and opportunity to become acquainted with the facts, to confer with the accused, to learn what is his defense and to prepare and present it. In the case at bar all of these constitutional essentials clearly appear. It follows that the case is affirmed.