Lawrence Joseph WALKER *v.* STATE of Arkansas

CR 73-157                                     506 S.W. 2d 537

Opinion delivered March 11, 1974

*Robert A. Newcomb,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The trial judge, hearing the case without a jury, found the appellant guilty of robbery and assault with intent to commit rape, both committed with a firearm. There was also proof of two prior felony convictions. This appeal is only from the court's finding that the accused was guilty of assault with intent to commit rape. For reversal it is argued that the State failed to prove any overt act that was actually directed toward the accomplishment of the crime of rape.

The prosecutrix, Nancy Westmoreland, and her escort, Richard Parker, had given Walker a ride shortly before midnight after Walker had helped them extricate their car from a muddy parking place near the Barton Coliseum in Little Rock. When the three reached Walker's destination he held a pistol to Nancy's head and, by threatening to kill her, forced the couple to walk over to an alley. There he took Richard's

money and, using a four-letter word, announced his intention to have intercourse with the girl. Upon her refusal he threatened her with his pistol and ordered her to remove her clothes. When she continued her resistance he slapped her and hit her in the face with his fist. Nancy, however, fought back so vigorously that Walker discontinued is attack and soon drove away in Richard's car—a theft which led to his apprehension by the police.

There is no merit in the appellant's argument that "since he did not attempt to remove any of the woman's clothes, nor attempt to touch any of the private parts of her body, he did not commit the crime of assault with intent to rape." The gravamen of the offense was stated in *Tyra* v. *State*, 120 Ark. 179, 179 S.W. 167 (1915): "The assailant must have done some act which is not merely one of preparation or solicitation, but is one which is intended to overcome the will of the female for the purpose of having sexual intercourse with her forcibly and against her will. It is not necessary, however, that this attempt be persisted in to the uttermost, but it is sufficient if it was actually begun, without reference to the reason which causes the assailant to desist." Here the State offered proof to show that Walker stated his purpose, ordered the prosecutrix at gunpoint to remove her clothes, and struck her in the face when she refused to submit. Both the assault and the accompanying intent were established just as clearly as would have been the case had Walker attempted to remove the woman's clothing.

Pursuant to the holding in *Anders* v. *California*, 386 U.S. 738 (1967), defense counsel has asked that he be permitted to withdraw from the case, on the ground that the appeal is frivolous. That motion is granted.

Affirmed.